Jimmy Russell WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00288–CR.

Court of Appeals of Texas, Dallas.

Dec. 30, 1981.

Discretionary Review Denied March 17, 1982.

James P. Finstrom, Dallas, for appellant.

W. T. Westmoreland, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, STOREY and ALLEN, JJ.

ALLEN, Justice.

Jimmy Russell Williams appeals from a conviction for the offense of murder, a first degree felony. A jury set his punishment at 30 years confinement in the Texas Department of Corrections. Appellant contends that the trial court committed error in thirteen enumerated grounds. We disagree with each of the arguments presented and thus affirm.

Appellant resided in the Pleasant Grove area of Dallas in a residence where other young men stayed from time to time. On December 2, 1978, a Saturday, appellant, David Wallace and Gary Dorman were at appellant's residence where they had been drinking beer, taking seconal and smoking marihuana. At approximately 9:00 p. m. the deceased, John McGraw, and Roger Dudley arrived at appellant's house and knocked on the door. Loud music was playing and no one answered the door. McGraw and Dudley walked to one side of the house where McGraw knocked on a window. They then returned to the front door and knocked again. This time the door was opened and David Wallace, Gary Dorman and appellant, armed with a shotgun, were at the door. The parties were about six feet apart when McGraw raised his arm and appellant fired the shotgun. McGraw was wounded in the lower left side of his stomach. Appellant told Dudley not to tell anyone he had shot McGraw. Appellant, Dorman and Wallace put McGraw in Wallace's car and started to take him to the hospital. En route it was determined that McGraw was no longer alive and appellant directed that they return to his residence where he would take care of the body. The deceased was placed in the back of appellant's pickup truck after which event appellant and Dorman took the body to a vacant area near Skillman and Audelia where they covered it with bushes. The following day appellant and Dorman returned to the location and moved the body to a gully near Seagoville and covered it with a sofa-like bed. The testimony shows that McGraw was dead prior to the time his body was abandoned. Witnesses in appellant's neighborhood testified to their observations on the evening in question, including the placing of the body in an automobile, and two of them fixed the date of the occurrence on or about December 2, 1978. Cindy Morris, a neighbor of appellant, testified to having called the police two times on the evening of the occurrence to report things she had

observed. The business records maintained by the Dallas Police Department showed a call received from "Morris, Cind—" on December 2, 1978. The testimony of the medical examiner on a hypothetical question confirmed his opinion testimony that gunshot wound was the cause of death of the decedent.

Appellant first contends that the trial court abused its discretion in denying his motion to depose the State's fact witnesses prior to trial. After learning that the State intended to prove the corpus delicti of the offense through the testimony of Gary Dorman and David Wallace, defense counsel filed their first motion to depose these witnesses. Counsel stated that appellant had been denied access to the State's witnesses and, having been denied an examining trial, there was no other opportunity to compel the discovery of the witnesses' testimony. Defense counsel also filed a motion to quash the indictment on the grounds that appellant was not given sufficient notice of the facts upon which he would be prosecuted since the State's case depended entirely upon the testimony of two eyewitnesses to whom appellant did not have access. In a pretrial hearing held on April 18, 1980, the trial court denied appellant's motions but granted leave to file a motion for continuance. After failing to locate the witnesses by independent investigation, defense counsel filed a motion to reconsider defendant's motion to take depositions with a supporting affidavit, a motion for continuance and a motion to withdraw as counsel. In their motion to withdraw counsel maintained that the representation of appellant would be ineffective *per se* without access to the testimony of Dorman and Wallace. On April 22, 1980, the trial court again denied the motion to take depositions, but instructed the prosecutor to contact the witnesses and encourage them to talk with defense counsel. Witnesses Dorman and Wallace refused to meet with defense counsel and counsel again moved for a continuance and for permission to withdraw as attorney for appellant. The court denied both motions and trial was commenced on April 28, 1980.

■ Appellant urges on appeal that he was denied effective assistance of counsel and due process of law by the court's action in refusing to order the deposition of two State's witnesses who later testified at trial. He argues that he was harmed in that defense counsel was impeded in the performance of his ethical duty to thoroughly investigate the case, and that the inability to depose the State's witnesses prior to trial denied him the right to effective cross-examination. We disagree. Tex.Code Crim. Pro.Ann. art. 39.02 (Vernon 1979) reads as follows:

> Depositions of witnesses may be taken by the defendant. When the defendant desires to take the deposition of a witness, he shall, by himself or counsel, file with the clerk of the court in which the case is pending an affidavit stating the facts necessary to constitute a good reason for taking the same, and an application to take the same. Provided that upon the filing of such application, and after notice to the attorney for the State, the courts shall hear the application and determine if good reason exists for taking the deposition. Such determination shall be based on the facts made known at the hearing and the court, in its judgment, shall grant or deny the application on such facts.

This statute clearly vests wide discretion in the trial court in determining whether to grant or deny motions for taking depositions. *James v. State*, 563 S.W.2d 599 (Tex. Cr.App.1978); *McKinney v. State*, 491 S.W.2d 404 (Tex.Cr.App.1973). Before a trial judge's refusal to grant a motion for depositions will constitute an abuse of discretion, the appellant must show that he was injured by the court's action. *James v. State, supra; Beshears v. State*, 461 S.W.2d 122 (Tex.Cr.App.1970).

In the present case, appellant has failed to show sufficient injury to warrant a finding of abuse of discretion. The record shows that appellant testified at trial and admitted killing the decedent. He also admitted his participation in concealing the body following the shooting. The facts surrounding this incident were all within the

knowledge of the appellant, who was at all times available to aid defense counsel in preparing the case. Further, both Dorman and Wallace testified at the trial and were subject to thorough cross-examination. Accordingly, we hold that appellant has not shown he was harmed by the trial court's refusal to order the witnesses deposed. *See McKinney v. State, supra,* and cases cited therein. Ground of error number one is overruled.

■ In his second ground of error appellant claims that the trial court erred in admitting a computer record of the Dallas Police Department relating to a telephone call made at or near the time of the shooting. The record reflects that Officer J. W. Duncan of the Dallas Police Department testified at trial as to the procedures employed when a phone call is made to the police department reporting an offense. He stated that the phone call generates a computer which automatically assigns a service number to the call. Officer Duncan testified that the record of the call is then stored in the computer and can be retrieved by knowing the name of the complainant, the location where the police unit was dispatched, or the service number itself. He further testified that the computer record of the telephone call in this case was made in the normal course of business by someone who had first-hand knowledge of the phone call at or near the time the call was received. At this juncture defense counsel objected to the introduction of the computer record on the grounds that the State had not shown the general accuracy of the computer or that the computer was operating properly on the date of the offense. The trial court overruled the objection and the computer record of the phone call was admitted into evidence.

We agree with appellant's contention that the State failed to establish the proper predicate for the introduction of the police computer records under the Business Records Act. Tex.Rev.Stat.Ann. art. 3737e (Vernon's Supp. 1980–81). *See Gassett v. State,* 532 S.W.2d 328 (Tex.Cr.App.1976); *Railroad Commission v. Southern Pacific*

*Company,* 468 S.W.2d 125 (Tex.Civ.App.— Austin 1971, writ ref'd n. r. e.). Notwith·· standing the improper admission of this hearsay evidence, we conclude that appellant was not harmed. The record shows that Cindy Morris testified that she called the Dallas Police Department twice the night of the murder. David Wallace testified that the shooting occurred "sometime around" December 2, 1978. Further, appellant testified on his own behalf and admitted killing the decedent. *See Mitchell v. State,* 524 S.W.2d 510 (Tex.Cr.App.1975). Thus the essence of the information earlier objected to was before the jury and it is difficult to envision how appellant was harmed by the improper admission of the police computer records. *See Mitchell v. State, supra.* Ground of error number two is overruled.

■ In his next two grounds of error appellant contends that the trial court erred in overruling his objections to questions propounded to the jury panel by the prosecutor on voir dire. Appellant claims that the State's inquiries into whether the jury could convict a defendant in a murder case if there was no body, no scientific evidence, no autopsy report, and solely on the testimony of one eyewitness was an attempt to have the jury commit to a finding of guilty on a particular set of facts. We disagree. Great latitude should be allowed in voir dire examination so that counsel for both the defense and the State have a good opportunity to assess the relative desirability of the venire members. *Battie v. State,* 551 S.W.2d 401 (Tex.Cr.App.1977). The trial court has discretion to determine the propriety of any question asked and a review of the trial court's action is limited to ascertaining whether that court abused its discretion. *Phillips v. State,* 511 S.W.2d 22 (Tex.Cr.App.1974). Here the prosecutor's questions inquired whether the prospective jurors could, rather than would, convict on the testimony of one eyewitness and without the body or scientific evidence. These questions were followed by a detailed explanation by the trial court on the applicable law in this area. Accordingly, it was

not an abuse of discretion on the part of the court to allow the jurors to be interrogated on these subjects. *Cf. Phillips v. State, supra.* Grounds of error numbers three and four are overruled.

■ In grounds of error numbers five, eleven and twelve appellant claims the State propounded improper questions to Officer J. H. Gholston, witness Roger Dudley, and appellant that tended to prejudice appellant's case. The record reflects that Officer Gholston testified at trial that, pursuant to his investigation of this case, he and his partner went to 1608 Gardenside in Dallas County, Texas. The police officers approached the front door of the address, took out their badges, and knocked on the door. A person opened the door but slammed it shut when Gholston attempted to identify himself as a police officer. Gholston then proceeded across the street and made a telephone call which resulted in appellant coming out of the house. Defense counsel objected to this testimony at trial on the grounds that it was not relevant to any issue, prejudicial and harmful to the accused, and left the jury with the impression that someone was hiding in the house when the officers announced their presence. The objection was overruled and the trial court allowed the testimony to come into evidence. Later during the State's case in chief, witness Dudley was asked about an incident that occurred prior to the offense where appellant threatened Dudley with physical violence. Counsel's objection on the grounds of relevancy and prejudicial effect on the minds of the jury was overruled. Finally appellant, testifying in his own behalf, was asked on cross-examination if he let his uncle (the deceased's father) die without knowing what happened to his son. Once again the objection of defense counsel was overruled.

The test for determining the admissibility of any type of evidence is whether its probative value outweighs its inflammatory or prejudicial aspects, if any. *Cobb v. State,* 503 S.W.2d 249 (Tex.Cr.App.1973). This determination is left to the sound discretion of the trial court, and this court will not re-verse unless a clear abuse of discretion is shown. *Williams v. State,* 535 S.W.2d 637 (Tex.Cr.App.1976); *Lanham v. State,* 474 S.W.2d 197 (Tex.Cr.App.1971). While the testimony of Officer Gholston and the answers elicited from witness Dudley and appellant were only of marginal relevance, defense counsel cites us to no authority that persuades us that the trial court abused its discretion in overruling the objections. These grounds of error are overruled.

■ In four grounds of error appellant complains of improper jury argument by the prosecutor. The record indicates that each of appellant's objections were sustained by the trial court and the jury was instructed to disregard the remarks of the prosecutor, but the motions for mistrial were overruled. While an instruction does not always cure error, it will normally cure error in jury argument unless the comments are extreme or manifestly improper, violative of a mandatory statute, or inject new facts, harmful to the accused, into the trial. *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App. 1980); *Parr v. State,* 575 S.W.2d 522 (Tex. Cr.App.1978). After reviewing the prosecutor's remarks we conclude that the instructions to disregard were sufficient to cure any error. Grounds of error numbers six, seven, nine and ten are overruled.

■ Appellant next complains of the testimony of three police officers that appellant's reputation for being a peaceful and law-abiding citizen was bad. Appellant does not contest the propriety of this reputation evidence during the punishment stage of the trial, but rather objects to the officers' testimony regarding the date upon which they came to know appellant. The testimony in this case shows only that the officers' knowledge of appellant's reputation was not based on the murder of the decedent. *See Twine v. State,* 475 S.W.2d 774 (Tex.Cr.App.1972); *Frison v. State,* 473 S.W.2d 479 (Tex.Cr.App.1971) and cases cited therein. Appellant cites no authority to support his position, and we find his argument without merit.

■ Finally, appellant contends that the evidence is insufficient to support the conviction because the State failed to prove the corpus delicti of the offense. The record in this case reflects that the body of the deceased was never found and no scientific evidence was presented that established the cause of death. With the repeal of the old penal code in 1974, the State no longer must find the body of the decedent to prove the corpus delicti of a homicide.[1] Consequently, the corpus delicti in a homicide case can be proved in the same manner as any other crime. The Texas Court of Appeals stated long ago in *Willard v. State*, 27 Tex.App. 386, 11 S.W. 453 (1889) that

"In all criminal prosecutions the rule is elementary that to sustain a conviction two things must be established: (1) a criminal act; and (2) the defendant's agency in the production of such act. In other words, there must be proof of the *corpus delicti*, and the identity of the prisoner. But, while this is so, there is no one kind of evidence to be always demanded in proof of the *corpus delicti*, any more than any other fact. It can seldom be proved by direct or positive testimony, and may be lawfully established by circumstantial evidence, provided it be satisfactory to understanding and conscience of the jury beyond a reasonable doubt. (citations omitted)."

In this case the evidence shows that appellant admitted to shooting the deceased at close range with a shotgun. Further, expert opinion testimony by Dr. Charles S. Petty established that if one had been shot by a shotgun as the witnesses had testified to, that gunshot wound would be the cause of death. Several witnesses who helped dispose of the body also testified that the deceased was dead. In view of the evidence adduced at trial, we conclude that the evidence was sufficient to sustain the verdict of guilty.

The judgment is affirmed.

---

1. Tex.Penal Code Ann. art. 1204 (Vernon 1925) provided:

"No person shall be convicted of any grade of homicide unless the body of the deceased, or

portions of it, are found and sufficiently identified to establish the fact of the death of the person charged to have been killed."