Margaret GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00165–CR.

Court of Appeals of Texas, San Antonio.

Nov. 7, 1984.

Rudy Zepeda, San Antonio, for appellant.

Sam Milsap, Jr., Elizabeth H. Taylor, Thomas Maspero, Edward F. Shaughnessy, III, Asst. Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for murder. TEX.PENAL CODE ANN. § 19.-02(a)(1) (Vernon 1974). The jury found appellant guilty as charged and the trial court assessed punishment at thirty years' confinement.

■ In her first ground of error, appellant alleges that the trial court erred in failing to grant her motion for instructed verdict at the close of the State's case in chief. Appellant did not rest with the State, but elected instead to testify in her own defense. By placing defensive evidence before the jury, appellant has waived any appellate review of the trial court's action on her motion for instructed verdict. *Kuykendall v. State,* 609 S.W.2d 791, 794 (Tex.Crim.App.1980); *Seals v. State,* 634 S.W.2d 899, 909 (Tex.App.—San Antonio 1982, no writ). Appellant's first ground of error is overruled.

Appellant complains of insufficient evidence to prove the cause of death and that the deceased was the infant male child of Sandra Gonzales; appellant further complains of insufficient evidence to establish the corpus delicti. TEX.PENAL CODE ANN. § 19.02 provides in pertinent part, viz:

> (a) A person commits an offense if he:
> (1) intentionally or knowingly causes the death of an individual;
>
> * * * * * *

In this case the indictment charged as follows:

> [O]n or about the 20th day of December, A.D. 1976, Margaret Gonzales did then and there intentionally and knowingly cause the death of an individual, an infant male child of Sandra Gonzales, the name of which said infant is to the Grand Jurors unknown, hereinafter called complainant, by burying the said complainant in the ground, thereby causing the said complainant to be asphyxiated....

Thus, the State's burden was to prove that appellant intentionally and knowingly caused the death of the infant male child of Sandra Gonzales.

■ In reviewing a sufficiency of the evidence question, we determine, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the

essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, *rehearing denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *Griffin v. State,* 614 S.W.2d 155, 159 (Tex. Crim.App.1981). In this case the record reflects direct and circumstantial evidence establishing the essential elements of the offense. Sandra testified that she was between six and seven months pregnant when she gave birth to a baby and that her step-grandfather, Alfred Flores, severed the umbilical cord. She heard the baby cry and subsequently heard appellant tell Anna and Regina, "Go to the back and dig a hole and put it in there." Her sister, Anna, testified that she was instructed by her step-grandfather to dig a hole in the back yard, and that after she dug the hole she reentered the house and witnessed that Sandra had given birth to a baby. Anna stated that appellant and the step-grandparents were all present, that she saw the step-grandfather sever the umbilical cord, and that she was given a bundle and told to bury it. She said she opened the bundle and saw a baby boy, alive and crying. The baby was placed in the hole. Subsequently, Anna verified the site where the remains of the infant were uncovered as the same site where she buried the baby.

Stanley Rhine, a forensic anthropologist, testified that State's exhibit number three containing the skeletal remains uncovered from the grave site were those of a baby six to six-and-a-half months gestation. Dr. Corrie May, a forensic pathologist, testified she was personally present when the remains of the baby were exhumed and took custody of the evidence. Dr. May testified that she determined the cause of death to be asphyxia and homicide. The following testimony is relevant:

Q: How were you able to make this determination?

A: It was based on the results of the investigation, the historical information presented to me with the skeleton, the lack of any other features in the skeleton which might lean me towards another decision. It was also based on my personal experience at the scene of the excavation, and was the product of the entire investigation.

In *Combs v. State,* 643 S.W.2d 709, 717–18 (Tex.Crim.App.1982) (Opinion on State's Petition for Discretionary Review), the medical doctor testified concerning his conclusions as to the cause of death, which were based on factual matters contained in the autopsy report. The court concluded that the doctor's testimony together with the other evidence established sufficient evidence to support the conviction.

■■■ Corpus delicti in a homicide can be proved in the same manner as in any other crime. Two things must be established: (1) a criminal act; and (2) the defendant's agency in the production of the criminal act. *Williams v. State,* 629 S.W.2d 791, 796 (Tex.App.—Dallas 1981, pet. ref'd). In the instant case, the body of the deceased was found and later identified by circumstantial evidence, including the testimony of Sandra and Anna Gonzales and the expert witnesses. Anna testified that she opened the bundle given to her and saw a baby boy alive and crying. She proceeded to bury the baby and covered it with dirt; thereafter the baby stopped crying. Corpus delicti may be established by circumstantial evidence. *Easley v. State,* 564 S.W.2d 742, 749 (Tex.Crim.App.1978); *Madden v. State,* 344 S.W.2d 690, 692 (Tex. Crim.App.1961). It is not essential that every fact point directly and independently to the guilt of the accused, and the cumulative force of all the incriminating circumstances may be sufficient to support the guilty verdict. *Sullivan v. State,* 564 S.W.2d 698, 705 (Tex.Crim.App.1978) (On Motion for Rehearing). In *Denby v. State,* 654 S.W.2d 457, 464 (Tex.Crim.App.1983), the court discussed the new standard of review in circumstantial evidence cases: "[I]f the evidence supports an inference other than the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding." In the case at bar, the evidence is sufficient to exclude every reasonable hypothesis but the guilt

of appellant. Thus, we are of the opinion that the cumulative force of all the incriminating circumstances was sufficient for the jury rationally to find guilt beyond a reasonable doubt. Grounds of error two, three, and four are overruled.

In grounds of error five through seven, appellant alleges that both Sandra and Anna Gonzales were accomplice witnesses whose testimony was insufficiently corroborated. A conviction cannot be had upon the uncorroborated testimony of an accomplice. TEX.CODE CRIM.PROC. ANN. art. 38.14 (Vernon 1979).

There is no evidence that Sandra, the mother of the deceased infant, took part in the murder. Her mere knowledge that a crime was occurring did not make her an accomplice. *Russell v. State,* 598 S.W.2d 238, 249 (Tex.Crim.App.1980), *cert. denied,* 449 U.S. 1003, 103 S.Ct. 544, 66 L.Ed.2d 300 (1981); *Arney v. State,* 580 S.W.2d 836, 839 (Tex.Crim.App.1979). Neither did her failure to disclose the offense or her active concealment of it. *Emmett v. State,* 654 S.W.2d 48, 49 (Tex.Crim.App. 1983); *Brown v. State,* 640 S.W.2d 275, 279 (Tex.Crim.App.1982). Sandra Gonzales was not an accomplice witness.

Anna Gonzales was twelve years old when she participated in the crime. A person may not be prosecuted or convicted for any act he committed when younger than fifteen years of age except perjury and motor vehicle offenses. TEX. PENAL CODE ANN. § 8.07 (Vernon Supp. 1984). One is not an accomplice witness unless he can be held criminally responsible for the offense with which the accused is charged. *Harris v. State,* 645 S.W.2d 447, 457 (Tex.Crim.App.1983); *Carrillo v. State,* 591 S.W.2d 876, 882 (Tex.Crim.App. 1979). The court of criminal appeals has explicitly held that a child who is too young to be prosecuted cannot be an accomplice witness as a matter of law or fact. *Komurke v. State,* 562 S.W.2d 230, 233–34 (Tex.Crim.App.1978), *overruled on other grounds, Cooper v. State,* 631 S.W.2d 508, 514 (Tex.Crim.App.1982). Since Anna's age at the time of the offense protects her from prosecution, she could not be an accomplice witness. Appellant's fifth and sixth grounds of error are overruled.

Because neither Sandra nor Anna were accomplice witnesses, the corroboration requirement of TEX.CODE CRIM. PROC.ANN. art. 38.14 (Vernon 1979) is inapplicable. Accordingly, appellant's seventh ground of error is overruled.

In her final ground of error, appellant contends that the trial court erred in charging the jury on the law of parties because the indictment did not allege that the appellant acted as a party. It is well settled that a trial court may charge on the law of parties even though there is no such allegation in the indictment. *English v. State,* 592 S.W.2d 949, 955 (Tex. Crim.App.1980), *cert. denied,* 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120 (1981); *Le-Duc v. State,* 593 S.W.2d 678, 685 (Tex. Crim.App.1979); *Pitts v. State,* 569 S.W.2d 898, 900 (Tex.Crim.App.1978). Appellant's eighth ground of error is overruled.

The judgment of the trial court is affirmed.

CADENA, Chief Judge, concurring.

I agree that the conviction should be affirmed. However, I would not hold that the record establishes, as a matter of law, that Sandra was not an accomplice. Such holding is unnecessary since, even if she was an accomplice, her testimony is sufficiently corroborated by the testimony of Anna, who because of her age, cannot be characterized as an accomplice. *Cooper v. State,* 631 S.W.2d 508 (Tex.Crim.App.1982).