**Maurice Lee LILY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–89–00898–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 10, 1990.

Ken J. McLean, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

JUNELL, Justice.

A jury convicted appellant of felony theft of the third degree and the court assessed punishment, enhanced by two prior felony convictions, at imprisonment for twenty-five years. Appellant brings two points of error alleging: (1) insufficient evidence to prove appellant appropriated stolen property; and (2) insufficient evidence to prove property stolen was of a value of at least the $750 minimum required by the statute for a conviction of third degree felony theft. We reverse and acquit.

The personal vehicle of a Houston police officer was stolen from the parking lot of the apartment complex where he lived. Later that day he found the truck abandoned and lacking its wheels and tires. He and a deputy sheriff made a sweep of the used auto parts businesses in the area. They spotted his wheels and tires at a shop known as "Hub Cap Tire & Wheel". The store manager, Mike Spence, gave the officer the standard form [1] he used to obtain title to property of this nature. The form contains appellant's name and driver's license number. The store manager testified that he could not recall whether or not he checked to see if the picture on the driver's license presented to him matched the face of the seller. It is uncontroverted that the photograph on file with the State under that license number is that of appellant. Appellant testified that he was at Hub Cap Tire & Wheel on an occasion when another person who also was there gave $25 in exchange for the use of appellant's driver's license to make a sale to Spence. Appellant asserted he never saw or possessed the tires or wheels. When Spence was asked to identify the copy of the form upon which appellant signed his name, he could not be certain the copy was authentic. The judge then called a recess while a State investigator drove Spence back to his place of business to get the original form. When Spence returned to the courthouse, he was met in the hallway by appellant who grabbed the original form from Spence's hands, crumpled it up, ran into a nearby restroom and flushed it down the toilet.

In reviewing the sufficiency of the evidence to support a conviction we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560; *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989) (reconfirming the *Jackson* standard of review). This standard is applied to both direct and circumstantial evidence cases. *Chambers v. State*, 711 S.W.2d 240, 245

---

1. The form is entitled "HARRIS COUNTY SHERIFF'S DEPARTMENT USED AUTO PARTS LOG". It contains a description of the property purchased, the seller's name, address, etc.; a simple warranty of title and right to possession, and the signature of both the seller and a witness. (In this case, Manager Spence witnessed.)

(Tex.Crim.App.1986). It is not required that every fact point directly and independently to the guilt of the accused. The cumulative force of all the incriminating circumstances may be sufficient to support a guilty verdict. *Harris v. State*, 738 S.W.2d 207, 220 (Tex.Crim.App.1986) (op. on reh'g), *cert. denied*, 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 159 (1987); *see Ruben v. State*, 645 S.W.2d 794, 796 (Tex.Crim. App.1983); *Gonzales v. State*, 681 S.W.2d 270, 273 (Tex.App.—San Antonio 1984, no pet.).

■ We first review appellant's second point of error in which appellant insists the value of the stolen property in question was less than the $750 required for sustaining a conviction of felony theft under TEX. PENAL CODE ANN. § 31.03(e)(4)(A), and that any value less than $750 would give rise only to a misdemeanor theft under the Penal Code. We agree.

Valuation of the property at above the threshold amount is an essential element of the offense which the State must prove. *See Sowders v. State*, 693 S.W.2d 448, 450 (Tex.Crim.App.1985). "Value", for purposes here, is adequately defined in the Penal Code, as (1) the fair market value of the property or service at the time of the offense; or (2) *if the fair market value of the property cannot be ascertained*, the cost of replacing the property within a reasonable time after the theft. TEX.PENAL CODE ANN. § 31.08(a)[2]. (Emphasis added.)

Whereas the complainant police officer testified his cost of the stolen property had been $897 and that same amount would be a fair replacement cost, he clearly admitted the tires and wheels would be worth less than that amount in their used condition. Another expert testified the stolen property would have been worth about one-third less than its original cost. [A value of approximately $600.] Spence put a resale value on the property at $420, being twenty percent more than the $350 he paid for them on behalf of Hub Cap Tire & Wheel. There is sufficient evidence to ascertain a market value as the "value" of the property at the time of the offense, which negates the use of replacement value. *Cf. MaGee v. State*, 715 S.W.2d 838 (Tex.App.—Houston [14th Dist.] 1986, no pet.). (Market value of stolen furniture could not even be surmised, so replacement cost was a proper valuation instruction to the jury.)

The evidence was insufficient to prove the stolen property was of a value of at least the $750 minimum required by the statute for conviction of third degree felony theft. The second point of error is sustained.

■ In support of point of error number one, appellant argues the state failed to prove the circumstances exclude every other reasonable hypothesis except that of his guilt, citing *Guiton v. State*, 742 S.W.2d 5, 10 (Tex.Crim.App.1987), and *Carlsen v. State*, 654 S.W.2d 444, 447 (Tex.Crim.App. 1983). Appellant suggests his explanation that he loaned his driver's license to another person for a $25 fee has viability. The State counters with the well-established principle that destruction of evidence is probative of guilt. *Billings v. State*, 725 S.W.2d 757, 762, 63 (Tex.App.—Houston [14th Dist.] 1987, no pet.), and *Fry v. State*, 203 S.W. 1096, 1101 (Tex.Crim.App.1918). We agree with the State's position. Although unnecessary to our decision in this case, we overrule point of error number one.

The conviction is reversed and the court below is directed to enter a judgment of acquittal.

---

2. The jury charge contains a definition which is substantially the same as recited in Penal Code section 31.08.