**Alvin Wade DAVIS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–93–539–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 28, 1995.

Hill, Beatty, Butcher & Gallagher and Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs of the Appellate Section, and Tanya S. Dohoney, Lisa Amos and Anne Box, Asst. Dist. Attys., Fort Worth, for the State.

Before CAYCE, C.J., LIVINGSTON, J., and PATRICE M. BARRON, J. (Assigned).

## OPINION

LIVINGSTON, Justice.

Appellant Alvin Wade Davis was found guilty of aggravated sexual assault of a child under fourteen years of age and was sentenced to forty-five years' imprisonment by a jury. In three points of error, appellant complains the trial court erred by: 1) restricting the direct examination of a defense witness to show bias of a prosecution witness; 2) allowing the State to contract with a venireperson to accept evidence from a child; and 3) denying appellant's request for a mistrial following improper punishment phase argument by the prosecutor. We affirm the trial court's judgment because extraneous evidence of an alleged bias was inadmissible, the challenged voir dire question was proper, and the instruction to disregard cured any error in the prosecutor's argument.

R.D., the complainant, was thirteen years old at the time of trial and testified to the events surrounding the assault. On July 30, 1990, the day of the assault, R.D. was nine years old and resided with her mother, Brigette Robinson ("Robinson"), her stepfather, and her three younger siblings. R.D. testified that on the morning of the assault, she was in her mother's bedroom along with her siblings. R.D.'s uncle, the appellant, was in the den, having spent the night on their sofa. After Robinson left to take the youngest child to register for school, appellant called R.D. into the den to turn on the air conditioner. As R.D. approached the air conditioner, appellant told her to lie down on the couch. R.D. refused. Appellant pulled R.D. by the arm and forced her onto the couch. R.D. was wearing a nightgown and panties. R.D. testified appellant "stuck his finger up under [her] underwear and stuck it in [her] private." Later that day, R.D. discovered blood on her underwear. She told her stepfather about the blood, but not about what had happened. When Robinson returned home, R.D.'s stepfather told her about the blood. Following questioning from Robinson, R.D. told her mother what appellant had done to her.

Dr. Audrey Jones testified at trial regarding the sexual assault exam she performed on R.D. on July 30, 1990. Her examination revealed the hymen was perforated, there were abrasions around the hymen, and the area was very red. Dr. Jones testified these findings were consistent with digital penetration.

In point of error number one, appellant complains the trial court erred by not allowing appellant to develop testimony during direct examination of his father regarding an alleged bias Robinson, appellant's stepsister, had against appellant. Specifically, appellant wanted to introduce testimony that Robinson told appellant's father appellant had previously been accused of molesting a child. Appellant's reason for attempting to develop this testimony was purportedly to demonstrate Robinson's "bias and prejudice" against him through this prior false accusation. Essentially, appellant was asking to use extrinsic evidence, offered through his father, a defense witness, to prove up an alleged bias to impeach Robinson's testimony.

Rule 612 governs the use of prior statements by a witness for impeachment pur-

poses. TEX.R.CRIM.EVID. 612. The rule provides in part:

> In impeaching a witness by proof of circumstances or statements showing bias or interest, on the part of such witness, and *before ... extrinsic evidence of ...* such bias or interest may be allowed, the circumstances supporting such claim or the details of such statement, including the contents and where, when and to whom made, must be made known to the witness, and the witness must be given an opportunity to explain or to deny such circumstances or statement.

*Id.* 612(b) (emphasis added). In order to admit extrinsic evidence of an alleged statement showing bias, appellant should have confronted Robinson about the circumstances of the statement during appellant's cross-examination of Robinson. *See id.* Further, if Robinson unequivocally admitted to making the statement, extrinsic evidence of the statement would not have been admissible. *See id.*

Appellant, however, failed to raise this issue of a prior false accusation of child molestation while cross-examining Robinson. Therefore, the trial court correctly prevented appellant from introducing extrinsic evidence to prove-up the alleged statement showing bias. Appellant's first point of error is overruled.

In his second point of error, appellant argues the trial court erred by allowing the State to contract with a venireperson regarding the weight to be given evidence from a child. The exchange at issue went as follows:

> [VENIREMAN:] If the child is, I'd say, under 10 or 12 years old, it's a known fact that a child of early age is impressionable, and adults' thoughts can be impressed on the child, and they may not tell the truth in every case.
>
> [PROSECUTOR:] Okay. So you have some question in your mind?
>
> [VENIREMAN:] I would have to know the circumstances and the age of the child to make a decision on whether or not I would believe them.

> [PROSECUTOR:] Okay. Well, of course, we can't ask you to make a decision in a case because we can't go into the facts of the case, but generally speaking, do you feel like you might have a problem convicting a defendant if the only eyewitness is a child?
>
> [DEFENSE:] Your Honor, I'm going to object now. I think this has gone to the point of trying to bind this juror as to what type of evidence it would take for him to cast a vote.
>
> THE COURT: Overruled, Mr. Lewis.
>
> [VENIREMAN:] Depending on the age of the child, I would have a problem.
>
> [PROSECUTOR:] But a child under 12, you feel like you would?
>
> [VENIREMAN:] Yes. The smaller—I definitely would have a problem if they were a young child. Of course, I would take all the other circumstances into consideration.
>
> [PROSECUTOR:] Okay. But if there was, hypothetically speaking—I'm not going to bind you in any way—no other evidence in the case, but that child was able to—
>
> [DEFENSE:] Again, Your Honor, I'm—I'm going to object—excuse me.
>
> I'm going to object, Your Honor. Trying to bind the witness.
>
> THE COURT: I'm going to sustain this objection.
>
> [DEFENSE:] Ask that the jury be instructed to disregard that.
>
> THE COURT: Jury is so instructed.

■ Looking at the first objection on which appellant was overruled, appellant argues the trial court erred in allowing the question "generally speaking, do you feel like you might have a problem convicting a defendant if the only eyewitness is a child?" Appellant asserts the asking of this question enabled the State to "get this erroneous view of the law before the panel and to have them think that that was the law."

■ During voir dire examination, the trial court should allow great latitude to give counsel for both sides "a good opportunity to assess the relative desirability of the venire

members." *Orosco v. State,* 827 S.W.2d 575, 577 (Tex.App.—Fort Worth, pet. ref'd), *cert. denied,* —— U.S. ——, 113 S.Ct. 425, 121 L.Ed.2d 347 (1992) (citing *Battie v. State,* 551 S.W.2d 401, 404 (Tex.Crim.App.1977), *cert. denied,* 434 U.S. 1041, 98 S.Ct. 782, 54 L.Ed.2d 790 (1978)). When reviewing a trial court's ruling on the propriety of a question asked, an appellate court will not disturb the ruling absent an abuse of discretion. *Orosco,* 827 S.W.2d at 577.

In *Orosco,* this court upheld a trial judge's decision to allow the prosecution to ask a hypothetical question about whether the venireperson could convict on the testimony of one eyewitness. *Id.* at 578; *see also Williams v. State,* 629 S.W.2d 791, 794 (Tex. App.—Dallas 1981, pet. ref'd) (upholding decision to allow questions asking if the juror could convict on the testimony of one eyewitness and without the body or scientific evidence). This court held it was not an abuse of discretion to permit questioning on this issue because it was a proper subject of inquiry. *Orosco,* 827 S.W.2d at 578.

Questioning of venirepersons to ascertain whether they could believe a child witness was addressed briefly in *Long v. State,* 770 S.W.2d 27, 30 (Tex.App.—Houston [14th Dist.] 1989), *rev'd on other grounds per curiam,* 800 S.W.2d 545 (1990). In *Long,* the court was reviewing a claim of ineffective assistance of counsel during a trial for aggravated sexual assault of a child. *Id.* at 28–29. The claim was based in part on trial counsel's failure to object to the prosecutor's questions during voir dire regarding the testimony of children. *Id.* at 30. In overruling the claim, the court explained there was no error in the failure to object because the issue of the believability of a child witness was an issue applicable in the case. *Id.*

▮ Regarding the second objection, a party must pursue an objection until an adverse ruling is obtained to preserve an issue for appellate review. *See Nethery v. State,* 692 S.W.2d 686, 701 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986). "It is well settled that when appellant has been given all the relief he requested at trial, there is nothing to complain of on appeal." *Cook v. State,* 858 S.W.2d 467, 473 (Tex.Crim.App.1993). Ap-

pellant's second objection was sustained and an instruction to disregard was given. Appellant never asked for the panel to be quashed. Because appellant never received an adverse ruling from the trial court, no error was preserved for appellate review with regard to the second objection.

We cannot say the trial court abused its discretion in allowing the prosecutor to question prospective jurors about their ability to convict based only on the eyewitness testimony of a child. The question was proper because it addressed an issue applicable in the case. Appellant's second point of error is overruled.

▮ In point of error number three, appellant argues the trial court should have granted a mistrial following an improper punishment phase argument in which the prosecutor injected her personal opinion into the case. Appellant objected to the following argument:

And if that's not enough of a reason not to probate this man, look at the crime that he committed. Look at what he did. He took a nine-year-old girl, a child, took that trust away from her, took the trust away from her family, her mother, her aunt and put his finger in her vagina.

If that isn't the most appalling action and if that isn't enough reason not to probate this man, I don't know what is.

Defense counsel's objection was sustained, and an instruction to disregard was given by the court. Appellant argues the prosecutor's remark suggested this was the worst case that this "seasoned prosecutor" had ever dealt with. Appellant acknowledges his sentence was less than the prosecutor's recommendation and less than the maximum sentence; his complaint, though, is that but for the prosecutor's remark, he would have received probation.

▮ Generally, an instruction to disregard improper jury argument is sufficient to cure error. *Anderson v. State,* 633 S.W.2d 851, 855 (Tex.Crim.App. [Panel Op.] 1982); *Hodge v. State,* 631 S.W.2d 754, 759 (Tex. Crim.App. [Panel Op.] 1982). The exception to this general rule exists where the jury

argument is manifestly improper or so extreme that an instruction to disregard will not work to cure the error. *Burks v. State,* 876 S.W.2d 877, 907 (Tex.Crim.App.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995). Where the prosecutor argues outside of the record and injects personal opinion, an instruction to disregard will cure error unless the argument "is clearly calculated to inflame the minds of the jurors and is of such character as to suggest the impossibility of withdrawing the impression produced on the juror's [sic] minds." *Davis v. State,* 684 S.W.2d 201, 205 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd).

The Texas Court of Criminal Appeals in *Romo v. State,* 593 S.W.2d 690 (Tex.Crim.App. [Panel Op.] 1980), *overruled on other grounds by Wagner v. State,* 687 S.W.2d 303, 313 n. 7 (Tex.Crim.App.1984) (op. on reh'g), addressed a similar complaint in which the prosecutor's jury argument implied the case being tried was one of the worst cases in which he had ever been involved. In *Romo,* the prosecutor argued, "I have never asked a jury before for maximum punishment." *Romo,* 593 S.W.2d at 694. The Texas Court of Criminal Appeals held that the instruction to disregard rendered the error harmless. *Id.*

While it was improper for the prosecutor to inject her personal opinion into her argument, any impression produced in the jurors' minds was cured by the instruction to disregard the argument. *Davis,* 684 S.W.2d at 205; *see also Johnson v. State,* 698 S.W.2d 154, 166–67 (Tex.Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). Because the error of the improper argument was cured by the instruction to disregard, appellant's third point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.