In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00115-CR


______________________________




WILLIE MARQUE FERRELL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 23rd Judicial District Court


Brazoria County, Texas


Trial Court No. 38,822




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Willie Marque Ferrell was charged with robbery with two enhancements resulting in an
indictment as an habitual offender under Sections 12.42(d) and 29.02 of the Texas Penal Code. Tex.
Pen. Code Ann. § 12.42(d) (Vernon Supp. 2002), § 29.02 (Vernon 1994). He pleaded not guilty
to the indictment and not true to the enhancement paragraphs. A jury found him guilty. The trial
court assessed punishment at twenty-five years' confinement. 

 Ferrell contends the trial court erred in refusing his requested jury instructions on the lesser
included offenses of misdemeanor theft and theft from a person. Ferrell also contends he was denied
due process and equal protection of law when the State used a peremptory challenge on a minority
member of the venire. 

 Evidence was presented at trial regarding the following. Ferrell entered Buccees, a
convenience store in Freeport, Texas, after 12:15 a.m. on March 21, 2000, and, while he had his
hand behind his back, told the store clerk, Melanie McKnight, that he needed money. McKnight
testified Ferrell said he had a gun and would use it and, although she did not actually see a gun and
Ferrell later said he was not going to hurt her, she was scared and feared for her life. Ferrell followed
McKnight behind the counter. McKnight opened the register, as Ferrell instructed. Ferrell took
approximately $273 from the cash register and was arrested a few blocks from the store unarmed and
identified by a noticeable hole in his shirt. McKnight identified Ferrell a few minutes later. The
surveillance camera in the store recorded both the audio and video portions of the event. The quality
of the audio on the tape was poor and at times inaudible. 

 In his first issue on appeal, Ferrell contends the trial court erred in refusing his requested jury
instructions on the lesser included offenses of misdemeanor theft and theft from a person. 

 For a defendant to be entitled to a lesser included offense instruction, the lesser included
offense must be included within the proof necessary to establish the offense charged, and some proof
must exist in the record that would permit a jury to rationally find that if the defendant is guilty, he
is guilty only of the lesser included offense. Lofton v. State, 45 S.W.3d 649, 651 (Tex. Crim. App.
2001). There must be some evidence which is directly germane to a lesser included offense for the
fact-finder to consider before an instruction on a lesser included offense is warranted. Cantu v. State,
939 S.W.2d 627, 647 (Tex. Crim. App. 1997). 

 Anything more than a scintilla of evidence is sufficient to entitle a Defendant to a
lesser charge . . . . 


 It does not matter whether the evidence was admitted by the State or the
defense. It does not matter if the evidence was strong or weak, unimpeached or
contradicted. The trier of fact is always free to selectively believe all or part of the
testimony proffered and introduced by either side.

Jones v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) (citations omitted). However, it is not
enough that the jury may disbelieve crucial evidence pertaining to the greater offense. Cantu, 939
S.W.2d at 646. The evidence must affirmatively refute or negate an element of the greater offense
or be subject to different interpretations, one of which would allow the jury to conclude that the
defendant, if guilty, was only guilty of the lesser offense. See Saunders v. State, 840 S.W.2d 390,
392 (Tex. Crim. App. 1992). If a defendant either presents evidence that he committed no offense
or presents no evidence, and there is no evidence otherwise showing he is guilty only of a lesser
included offense, then a charge on a lesser included offense is not required. Lofton, 45 S.W.3d at
652. The appellate court must examine the entire record instead of plucking certain evidence from
the record and examining it in a vacuum. Enriquez v. State, 21 S.W.3d 277, 278 (Tex. Crim. App.
2000). 

 Whether an offense is a lesser included offense of a charged offense must be determined on
a case-by-case basis because the statute defines lesser included offenses in terms of the offense
charged and in terms of the facts of the case. Bartholomew v. State, 871 S.W.2d 210, 212 (Tex.
Crim. App. 1994). Theft and theft from a person can be lesser included offenses of robbery under
the facts of a particular case. See Parr v. State, 658 S.W.2d 620, 622 (Tex. Crim. App. 1983);
Mendoza v. State, 923 S.W.2d 760, 762 (Tex. App.-Corpus Christi 1996, no pet.); Earls v. State,
650 S.W.2d 858, 863 (Tex. App.-Houston [14th Dist.] 1982), aff'd, 707 S.W.2d 82 (Tex. Crim. App.
1986).

 The offense of robbery requires proof a defendant intentionally or knowingly threatened or
placed another in fear of imminent bodily injury or death. Tex. Pen. Code Ann. § 29.02(a)(2)
(Vernon 1994). The offense of theft and theft from a person do not require proof of this element. 
Tex. Pen. Code Ann. § 31.03(a), (e)(4)(B) (Vernon Supp. 2002). 

 Ferrell argues that the video/audio recording of the event, introduced by the State, did not
show Ferrell making any threats or statements about having a gun or using it, did not show Ferrell
placing the clerk in fear of imminent bodily injury or death, that the jury could have disbelieved
McKnight regarding such threats and her fear because they were not on the video/audio recording,
and that therefore the video/audio tape evidence was sufficient to produce some evidence directly
germane to the lesser included offenses for the fact-finder to consider. 

 In reviewing the video/audio tape, we found that during the relevant portions of the tape,
there was no audio or the sound was inaudible and the picture was not continuous, but flickered in
and out. Given the condition of the video/audio tape, the video recording does not affirmatively
refute or negate the essential element. This point of error is overruled. 

 Ferrell next contends he was denied due process and equal protection of law when the State
used a peremptory challenge on a minority member of the venire. 

 The Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on
account of their race. Batson v. Kentucky, 476 U.S. 79, 89, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). 
A Batson challenge is reviewed using the clear error standard under which the trial court's findings
of fact on the issue of the prosecutor's discriminatory intent will not be set aside unless they are
clearly erroneous, because those findings will largely turn on the evaluation of credibility. See
Emerson v. State, 851 S.W.2d 269, 273 (Tex. Crim. App. 1993). To raise a Batson challenge, a
defendant must establish a prima facie showing of the state's discriminatory use of a peremptory
strike. Id. at 271. The burden then shifts to the state to articulate a race-neutral explanation, one that
is based on something other than the race of the venire person, for the questioned strike. Id. at 272. 
Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason will be deemed
race neutral. Chambers v. State, 866 S.W.2d 9, 24 n.16 (Tex. Crim. App. 1993). Once the state has
offered a race-neutral explanation, the burden shifts back to the defendant to impeach or refute the
explanation, "to persuade the trial judge by a preponderance of the evidence that the allegations of
purposeful discrimination are true . . . ." Id.

 If the state is shown to have peremptorily challenged minority venire members with a
particular characteristic while not striking nonminority jurors with the same or similar
characteristics, the state has been shown to have engaged in disparate treatment. See Esteves v. State,
849 S.W.2d 822, 824 n.2 (Tex. Crim. App. 1993); Ramirez v. State, 862 S.W.2d 648, 652 (Tex.
App.-Dallas 1993, no pet.). A finding of disparate treatment voids the state's race-neutral
explanation and weighs in favor of purposeful discrimination. See Miller-El v. State, 790 S.W.2d
351, 357 (Tex. App.-Dallas 1990, pet. ref'd). 

 Ferrell is an African-American. The prosecutor for the State used three of his ten peremptory
strikes or challenges on three African-American potential jurors: juror number two, Samuel James
Williams; juror number seven, Judie Ann Roberson; and juror number seventeen, Vern Cooper. 
Ferrell objected to these peremptory challenges by the State before the jury was empaneled and
sworn, and the court denied the State's peremptory strike against two of the jurors, but allowed the
strike against Cooper. 

 After the trial court denied the State's peremptory strike against Williams, made because the
prosecutor believed that Williams served as foreman on the grand jury that indicted Ferrell for the
crime that was being prosecuted, the trial court allowed the State another peremptory strike, which
the State used against Roberson because Roberson and Williams worked at the same company. The
prosecutor stated that it appeared Williams was in a supervisory position over Roberson and that he
was afraid the jurors might influence one another. The trial court questioned Roberson and
determined Williams was not in her supervisory chain of command. The court denied the State's
peremptory strike against Roberson. Both Williams and Roberson served on the jury convicting
Ferrell. Ferrell received all the relief he requested at trial regarding these two strikes, and thus has
no grounds for appeal based on these two jurors. Tex. R. App. P. 44.2 (appellant can show no harm); 
see Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993); Davis v. State, 894 S.W.2d 471,
474 (Tex. App.-Fort Worth 1995, no pet.).

 The reasons the State provided for exercising a peremptory strike against Cooper were that
he was arrested for criminal trespass, that he had a bad experience with the police and thought they
were overly zealous, that his daughter had been arrested for theft, and that he was a minister and may
have compassionate feelings toward others when it comes to forgiveness. The prosecutor stated he
believed those were race-neutral reasons. The trial court stated that the record showed the
prosecution struck Cooper for neutral reasons not having to do with Cooper's race, but with his prior
incidents with the law. 

 After the State presented the race-neutral reasons for striking Cooper, Ferrell bore the burden
of persuading the court the State had an impermissible motive for striking Cooper. See Lewis v.
State, 815 S.W.2d 560, 564 (Tex. Crim. App. 1991). Ferrell cross-examined the prosecutor eliciting
only that the prosecutor could not be 100 percent certain the State had used peremptory challenges
on all nonminority members who had been arrested or who had family members arrested. Ferrell
did not present any evidence to the contrary. However, on appeal, Ferrell argues there were three
venirepersons that were not challenged by the State who had also had family members arrested. 
Ferrell also points to the State's attempt to strike Roberson, in conjunction with the State's attempt
to strike Williams, which Ferrell could not have done during the hearing as the State had not yet
exercised its peremptory strike against Roberson, to show the State's pattern of attempting to exclude
African-Americans from the jury. Ferrell also points to the fact that Cooper had been a victim of
robbery himself and had stated that the police were pretty nice even though he was arrested for
criminal trespass and the case never went to court.

 Ferrell's last point, that Cooper thought the police were nice, might be relevant to rehabilitate
Cooper regarding a challenge for cause, but Cooper was not challenged for cause; he was excluded
by the State exercising a peremptory challenge. 

 Neither disparate treatment nor a pattern of exclusion is evident on the face of the record. 
Ferrell asked the court to take notice that Ferrell, Cooper, and Williams were members of the
African-American race and the State asked, before attempting to strike Roberson, that the court take
notice that Roberson was also a member of the African-American race and that the State had not
exercised a peremptory challenge against her. However, the record does not indicate the race of any
of the other jury members, the veniremembers who were not seated on the jury, or those against
whom the State had exercised other peremptory challenges. 

 It was the defendant's burden to persuade the trial court the State's motives for the peremptory
challenges were impermissible. See Lewis, 815 S.W.2d at 564. The trial court's ruling, based on the
State's race-neutral explanations, was not clearly erroneous on the face of the record. This point of
error is overruled. 

 The judgment of the trial court is affirmed. 



 Ben Z. Grant

 Justice


Date Submitted: May 29, 2002

Date Decided: May 30, 2002


Do Not Publish