THOMPSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-026-CR

GEORGE THOMPSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant George Thompson appeals his conviction of indecency with a child.  In his sole point, he argues that the trial court erred in excluding evidence that related to the credibility of the State’s main witness and to her motive to change her testimony concerning the circumstances of the alleged offense.  We affirm.

Background

In November of 2000, M.S. attended the Hurst Assembly of God and knew many of the members, including appellant.  After Sunday school, M.S. went with her friends to the sanctuary to attend the morning church service. At some point, she got up to go get a drink of water, and appellant approached her.  He stopped her, grabbed her shoulder, and gave her five dollars.  He said, “that’s it until [I] see some improvement.”  M.S. testified that this was not the first time that appellant had given her money, and she had never asked him for it.  Appellant then grabbed M.S.’s breast, which shocked her because this was a man that she trusted and had known for a long time.

M.S. returned to the church service crying, but she did not tell anyone what had happened.  She left church early to go home, and then she told Chris, her mother’s boyfriend, that appellant had touched her.  
When M.S.’s mother got home from work, M.S. told her that appellant had touched her. 
 They called the police to report the incident, and M.S. gave the police a written statement the next day.  In her written statement, M.S. said that the incident occurred during the singing portion of the service; however, at trial she testified that it occurred before the singing.  She admitted that her police statement was incorrect.  The jury convicted appellant of indecency with a child, and the court sentenced him to twenty years’ confinement.

Exclusion of Testimony

In his sole point on appeal, appellant argues that the trial court erred in excluding evidence that related to the credibility of the State’s main witness, the complainant, and to her motive to change her testimony concerning the circumstances of the alleged offense.  The State responds that appellant has failed to preserve error for review because he did not lay a proper foundation for admitting the evidence.  Alternatively, the State contends that the trial court had discretion to exclude the evidence as irrelevant. 

The credibility of a witness may be attacked by evidence that the witness is slanting her testimony against or in favor of a party as a result of personal interest or bias in the cause.  
See
 
Tex. R. Evid
. 613(b).  To establish interest, bias, or motive, the Texas Court of Criminal Appeals has held that one must first establish a specific connection between the witness’s testimony and the cause to disclose an actual bias or motive.  
Willingham v. State
, 897 S.W.2d 351, 358 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 946 (1995).  This nexus must be demonstrated by laying a proper foundation.  
Id
.  To lay this foundation, the witness must first be informed as to the circumstances supporting a claim of bias or interest, and the witness must be given an opportunity to explain or deny such circumstances.  
See 
Tex
. R. Evid
. 613(b) (stating that before cross examination may be allowed, the circumstances supporting such claim, including the contents and where, when, and to whom made, must be made known to the witness, and the witness must be given an opportunity to explain or to deny such circumstances).   

Here, appellant tried to introduce the testimony of Elaine Sapp, who was the pastor’s wife at Hurst Assembly of God.  Sapp stated that she ran into M.S. and her grandmother, Jessica, at a garage sale about a month before the trial. She told Jessica that “it couldn’t have happened during the singing.  It couldn’t have happened.”  Sapp did not explain why it could not have happened during the singing, and M.S. did not hear the two women talking.
(footnote: 2)
 Appellant tried to offer Sapp’s testimony to show what Sapp told Jessica, who had custody of M.S. at the time.  Appellant contends this provided M.S. with motive to lie and change her earlier sworn police statement.  The State objected because there was no evidence that Jessica told M.S. about the conversation.  The court sustained the objection.

In 
Willingham v. State
, the defendant tried to offer the testimony of another witness for the purpose of impeaching the State’s witness.  897 S.W.2d at 358.  However, during the cross-examination of the State’s witness, the defense made no inquiry into his alleged personal interest in the case, and he was not afforded an opportunity to explain or deny the significance of any such circumstances.  
Id
.  The court of criminal appeals held that it was not error for the trial court to refuse the testimony when trial counsel failed to lay a proper foundation upon which to impeach the State’s witness.  
Id
.; 
see also Davis v. State
, 894 S.W.2d 471, 473 (Tex. App.—Fort Worth 1995, no pet.) (holding that the trial court properly excluded extrinsic evidence to prove an alleged bias because the defense failed to confront the witness about the bias during cross-examination).

Here, appellant failed to lay a proper foundation to establish M.S.’s motive to change her sworn testimony.  Appellant failed to ask M.S. if she knew of Sapp’s conversation with Jessica, and M.S. was not given an opportunity to explain or deny the change in her testimony.  
See 
Tex
. R. Evid
. 613(b).  Thus, it was not error for the trial court to exclude Sapp’s testimony.  Appellant’s sole point is overruled.

Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment. 

TERRIE LIVINGSTON

JUSTICE

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

DAUPHINOT, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

[DELIVERED MARCH 6, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Sapp testified that she saw M.S. crying that morning, but it was before the singing portion of the service.  Sapp believed the incident could not have happened as M.S. first stated because she saw M.S. sitting in the church sanctuary during the music portion of the service.