COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-026-CR
 
GEORGE THOMPSON   
                                                                    APPELLANT
V.
THE STATE OF TEXAS   
                                                                      
STATE
------------
FROM THE 297
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
Appellant George Thompson appeals his
conviction of indecency with a child. In his sole point, he argues that the
trial court erred in excluding evidence that related to the credibility of the
State's main witness and to her motive to change her testimony concerning the
circumstances of the alleged offense. We affirm.
Background
In November of 2000, M.S. attended the
Hurst Assembly of God and knew many of the members, including appellant. After
Sunday school, M.S. went with her friends to the sanctuary to attend the morning
church service. At some point, she got up to go get a drink of water, and
appellant approached her. He stopped her, grabbed her shoulder, and gave her
five dollars. He said, "that's it until [I] see some improvement."
M.S. testified that this was not the first time that appellant had given her
money, and she had never asked him for it. Appellant then grabbed M.S.'s breast,
which shocked her because this was a man that she trusted and had known for a
long time.
M.S. returned to the church service
crying, but she did not tell anyone what had happened. She left church early to
go home, and then she told Chris, her mother's boyfriend, that appellant had
touched her. When M.S.'s mother got home from work, M.S. told her that appellant
had touched her. They called the police to report the incident, and M.S. gave
the police a written statement the next day. In her written statement, M.S. said
that the incident occurred during the singing portion of the service; however,
at trial she testified that it occurred before the singing. She admitted that
her police statement was incorrect. The jury convicted appellant of indecency
with a child, and the court sentenced him to twenty years' confinement.
Exclusion of Testimony
In his sole point on appeal, appellant
argues that the trial court erred in excluding evidence that related to the
credibility of the State's main witness, the complainant, and to her motive to
change her testimony concerning the circumstances of the alleged offense. The
State responds that appellant has failed to preserve error for review because he
did not lay a proper foundation for admitting the evidence. Alternatively, the
State contends that the trial court had discretion to exclude the evidence as
irrelevant.
The credibility of a witness may be
attacked by evidence that the witness is slanting her testimony against or in
favor of a party as a result of personal interest or bias in the cause. See
Tex. R. Evid. 613(b). To establish interest, bias, or motive, the Texas Court of
Criminal Appeals has held that one must first establish a specific connection
between the witness's testimony and the cause to disclose an actual bias or
motive. Willingham v. State, 897 S.W.2d 351, 358 (Tex. Crim. App.), cert.
denied, 516 U.S. 946 (1995). This nexus must be demonstrated by laying a
proper foundation. Id. To lay this foundation, the witness must first
be informed as to the circumstances supporting a claim of bias or interest, and
the witness must be given an opportunity to explain or deny such circumstances. See
Tex. R. Evid. 613(b) (stating that before cross examination may be allowed,
the circumstances supporting such claim, including the contents and where, when,
and to whom made, must be made known to the witness, and the witness must be
given an opportunity to explain or to deny such circumstances).
Here, appellant tried to introduce the
testimony of Elaine Sapp, who was the pastor's wife at Hurst Assembly of God.
Sapp stated that she ran into M.S. and her grandmother, Jessica, at a garage
sale about a month before the trial. She told Jessica that "it couldn't
have happened during the singing. It couldn't have happened." Sapp did not
explain why it could not have happened during the singing, and M.S. did not hear
the two women talking.(2)
Appellant tried to offer Sapp's testimony
to show what Sapp told Jessica, who had custody of M.S. at the time. Appellant
contends this provided M.S. with motive to lie and change her earlier sworn
police statement. The State objected because there was no evidence that Jessica
told M.S. about the conversation. The court sustained the objection.
In Willingham v. State, the
defendant tried to offer the testimony of another witness for the purpose of
impeaching the State's witness. 897 S.W.2d at 358. However, during the
cross-examination of the State's witness, the defense made no inquiry into his
alleged personal interest in the case, and he was not afforded an opportunity to
explain or deny the significance of any such circumstances. Id. The
court of criminal appeals held that it was not error for the trial court to
refuse the testimony when trial counsel failed to lay a proper foundation upon
which to impeach the State's witness. Id.; see also Davis v. State,
894 S.W.2d 471, 473 (Tex. App.--Fort Worth 1995, no pet.) (holding that the
trial court properly excluded extrinsic evidence to prove an alleged bias
because the defense failed to confront the witness about the bias during
cross-examination).
Here, appellant failed to lay a proper
foundation to establish M.S.'s motive to change her sworn testimony. Appellant
failed to ask M.S. if she knew of Sapp's conversation with Jessica, and M.S. was
not given an opportunity to explain or deny the change in her testimony. See
Tex. R. Evid. 613(b). Thus, it was not error for the trial court to exclude
Sapp's testimony. Appellant's sole point is overruled.
Conclusion
Having overruled appellant's sole point,
we affirm the trial court's judgment.
 
  
                                                                    TERRIE
LIVINGSTON
  
                                                                    JUSTICE
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT,
JJ.
               
DAUPHINOT, J. concurs without opinion.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED MARCH 6, 2003]

1. See Tex. R. App. P. 47.4.
2. Sapp testified that she saw M.S. crying that morning,
but it was before the singing portion of the service. Sapp believed the incident
could not have happened as M.S. first stated because she saw M.S. sitting in the
church sanctuary during the music portion of the service.