02-11-325-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00325-CR

 

 


 
 
 Alfonso aragon, jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 43RD JUDICIAL DISTRICT COURT OF
PARKER COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. Introduction

          In
a single point, Alfonso Aragon, Jr., appeals his conviction for possession of between
four and two hundred grams of methamphetamine with the intent to deliver, asserting
that the trial court abused its discretion by overruling in part his objection
to the State’s questioning of a police officer regarding the amount of
methamphetamine that a user typically uses to get “high.”  We will affirm.

II. Factual
and Procedural Background

          Texas Department of Public
Safety Trooper Burt Blue was dispatched to conduct a welfare check on a stranded
motorist and found a vehicle on the side of the road.  Trooper Blue approached
the vehicle and made contact with Aragon and the female driver.  Aragon and the
driver acted nervously and would not look at Trooper Blue when they spoke to
him.  The driver of the vehicle gave Trooper Blue consent to search the vehicle.
 Trooper Blue asked if there was anything illegal in the vehicle, and Aragon admitted
that he had “a couple ounces of ice” with him under the passenger seat.  Trooper
Blue found what was later determined to be 165.73 grams of methamphetamine
under the passenger seat.  Aragon told Trooper Blue that the methamphetamine
had been loaned to him and that he planned to sell the drugs to get money for
his children.

          Aragon
entered an open plea of guilty and elected to have the trial court assess
punishment.  At the punishment trial, the State called Sergeant James Peel of
the Weatherford Police Department, Narcotics Division Special Crimes Unit to
testify.  He discussed his extensive background, experience, and training in
the narcotics field.  The following exchange then occurred:

[STATE]:  Okay. 
Given your experience around this—this point in time—well, let me preface
that.  When a meth user is going to get high, how much meth does a typical meth
user use to get high?

 

[DEFENSE COUNSEL]: 
Excuse me, Judge.  I believe this is outside the range of his skills or—and he
certainly hasn’t been qualified as an expert.  And everything he says is going
to be based on hearsay.  So we’re objecting to the fact that his testimony is
relying upon not only hearsay, but hearsay upon hearsay that is not qualified
as an expert.  And on those bases, along with allowing him to testify as to
hearsay on hearsay, would violate the right of confrontation and
cross-examination since there’s no way we could cross-examine—

 

THE COURT:  [Defense
counsel], your objection is sustained in part, with this limiting instruction: 
I will permit the officer to testify to what is in his knowledge, based on his
experience, and some—should he testify what is a common aggregate amount to be
sold or traded to be used as a usable quantity.  But how little amount he can
use seems to be beyond his exact expertise.  But for the trade of methamphetamine
and drugs, then please, with that limiting instruction, please rephrase your
question. 

 

. . .  

 

[STATE]:  Now, in
regard to what a typical amount is for a drug—a methamphetamine user to use to
get high, does that—is there a range?

 

[DEFENSE COUNSEL]: 
Judge, we’re going to have the same objections that we’ve had before. 
Nothing’s changed.  They’ve just—

 

THE COURT:  Your
objection is sustained.  That’s a proper question for a doctor, not for a
police officer.  He can testify what is the traded amount, what is an
arrestable amount, what’s the purported amount people use, but not as to the
medical effect by a little amount for different bodies.  That’s a different—

 

[STATE]:  Judge, I’m
not asking that.  I asked how much they typically use to get high.

 

THE COURT:  Well, I
think there’s a different way to ask that same question, which the courts have
given you discretion to ask.  Go ahead.

 

[STATE]:  Okay.  I’ll
rephrase it, Judge.

 

[STATE]:  Let me ask
it this way:  Have you had a chance to gather the information with regard to
how much a narcotics offender—a methamphetamine offender will typically use in
a single-use amount?

 

[SERGEANT PEEL]: 
Yes.

 

[STATE]:  And how
much is that?

 

[SERGEANT PEEL]: 
Quarter of a gram to half a gram.

          

[STATE]:  Okay.  And
does that depend upon how often they’re using?

 

[SERGEANT
PEEL]:  Yes. 

Sergeant
Peel then testified about the different quantities of methamphetamine and the typical
price of those varying quantities.

III. No Preservation of Error

          In his sole point, Aragon
asserts that the trial court abused its discretion by overruling in part his
objection to Sergeant Peel’s non-expert opinion testimony as set out above. 
The State asserts that Aragon failed to preserve error because the trial court
sustained his objections, he did not pursue an adverse ruling, and he did not
object each time similar questions and testimony were presented.

To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Lovill v. State,
319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  A party must continue to object each
time the objectionable evidence is offered.  Geuder v. State, 115 S.W.3d
11, 13 (Tex. Crim. App. 2003); Martinez v. State, 98 S.W.3d 189, 193
(Tex. Crim. App. 2003) (citing Ethington v. State, 819 S.W.2d 854, 858 (Tex.
Crim. App. 1991)); Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim.
App.), cert. denied, 528 U.S. 1026 (1999).  A trial court’s erroneous
admission of evidence will not require reversal when other such evidence was
received without objection, either before or after the complained-of ruling.  Lane
v State, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004); Leday v. State,
983 S.W.2d 713, 718 (Tex. Crim. App. 1998).   A reviewing court should not
address the merits of an issue that has not been preserved for appeal.  Wilson
v. State, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh’g).








In
this case, the trial court sustained both of Aragon’s objections to the State’s
questioning Sergeant Peel about “how much meth does a typical meth user use to
get high” and about “the range” of methamphetamine that a methamphetamine user
uses “to get high.”  Aragon received the relief he requested and did not make
any other requests to the court or obtain an adverse ruling.[2] 
See Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993) (“It
is well settled that when [a defendant] has been given all the relief he requested
at trial, there is nothing to complain of on appeal.”); Ashire v. State,
296 S.W.3d 331, 343 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d); White
v. State, 934 S.W.2d 891, 895 (Tex. App.—Fort Worth 1996, no pet.); see
also Davis v. State, 894 S.W.2d 471, 474 (Tex. App.—Fort Worth 1995, no
pet.) (holding complaint not preserved when trial court sustained objection and
gave an instruction to disregard and when no other relief was requested).  When
the State rephrased its question the third time, asking Sergeant Peel how much
methamphetamine “a methamphetamine offender will typically use in a single-use
amount,” Aragon did not object any error is not preserved for our review.  See
Tex. R. App. P. 33.1(a)(1); Geuder, 115 S.W.3d at 13.  Consequently,
because Aragon’s complaint has not been preserved for our review, we cannot
address it and we overrule his sole point.

IV. Conclusion

          Having
overruled Aragon’s sole point, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
WALKER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 16, 2012









[1]See Tex. R. App. P. 47.4.





[2]Although the trial court
stated that it was sustaining Aragon’s objection only “in part,” the trial
court’s ruling—prohibiting the State from asking what amount of methamphetamine
a user typically uses to get high—and its “limiting instruction” show that the
trial court gave Aragon all of the relief he was requesting—that the State not
elicit testimony from Sergeant Peel about the quantity of methamphetamine a
user typically uses to get high.  See Davis v. State, 955 S.W.2d 340,
353 n.3 (Tex. App.—Fort Worth 1997, pet. ref’d).