

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00034-CR

———————————————————

STEVEN LARRASQUITU, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1660860D

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

## I. INTRODUCTION

A jury found appellant Steven Larrasquitu guilty of two counts of indecency with a child by contact and assessed his punishment at twenty years' imprisonment for each offense. The trial court sentenced Larrasquitu accordingly and ordered the sentences to run consecutively.

On appeal, Larrasquitu raises two points:

(1) Did the trial court err by denying his motion for mistrial after the prosecutor argued outside the record that before trial she had instructed the complainant to refer to Larrasquitu as the "Defendant"?

(2) Did the trial court err by overruling his objection after the prosecutor argued outside the record that Larrasquitu had obtained a second cell phone after the complainant's charges surfaced?

We hold that the trial court did not abuse its discretion by denying Larrasquitu's motion for mistrial because it admonished the jury to remember the evidence and instructed the jurors to disregard the prosecutor's comment. We further hold that the prosecutor's argument—that Larrasquitu had obtained a second phone after the complainant's outcry—was a reasonable deduction from the evidence and that the trial court thus did not abuse its discretion by overruling Larrasquitu's objection. Accordingly, we overrule both of Larrasquitu's points and affirm the trial court's judgments of conviction.

## II. LARRASQUITU'S POINTS

Larrasquitu's two points complain about improper prosecutorial arguments made during closing arguments. His two points are, however, in different procedural postures. In Larrasquitu's first point, the trial court sustained his objection, instructed the jury to disregard the prosecutor's comment, but denied his motion for mistrial. And in his second point, the trial court overruled his objection to the prosecutor's argument.

### A. APPLICABLE LAW

### 1. Law Common to Both Points

During closing argument, the State may (1) summarize the evidence, (2) make reasonable deductions from the evidence, (3) answer opposing counsel's arguments, or (4) plead for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011).

### 2. Denial of Motion for Mistrial

When a trial court sustains an objection and instructs the jury to disregard improper argument but denies a defendant's motion for mistrial, the issue is whether the trial court abused its discretion by denying the mistrial. *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004). A mistrial is required only in extreme circumstances, such as when the improper argument causes incurable prejudice, that is, the argument is "so prejudicial that expenditure of further time and expense would be wasteful and futile." *Id.* at 77 (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim.

App. 1999)). In determining whether a trial court abused its discretion by denying a mistrial, we balance three factors: (1) the severity of the misconduct (prejudicial effect); (2) the curative measures; and (3) the certainty of conviction absent the misconduct. *Id.*; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g).

Generally, an instruction to disregard improper jury argument suffices to cure error. *Davis v. State*, 894 S.W.2d 471, 474 (Tex. App.—Fort Worth 1995, no pet.). This general rule has, however, an exception: an instruction to disregard will not cure the error when the jury argument is manifestly improper or extreme. *Id.* at 474–75. If the prosecutor argues outside the record and injects personal opinion, an instruction to disregard will cure the error unless the argument is clearly calculated to inflame the jury and withdrawing the impression is impossible. *Id.* at 475.

### 3. Overruling an Objection

We review a trial court's overruling an objection to improper jury argument for an abuse of discretion. *Winchester v. State*, No. 02-19-00293-CR, 2020 WL 7258058, at *3 (Tex. App.—Fort Worth Dec. 10, 2020, pet. ref'd) (mem. op., not designated for publication). Provided the trial court's decision falls within the zone of reasonable disagreement, it does not abuse its discretion. *Id.*

When the trial court errs by overruling a defense objection that the prosecutor's argument exceeded the permissible bounds, we will not reverse the judgment unless the error affected the defendant's substantial rights. Tex. R. App. P.

44.2(b); *Martinez v. State*, 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000). In determining whether substantial rights were affected, we consider (1) the severity of the misconduct (that is, the prejudicial effect of the prosecutor's remarks), (2) the presence or absence of any curative measures, and (3) the certainty of conviction absent the misconduct. *Freeman*, 340 S.W.3d at 728.

## B. FIRST POINT

In Larrasquitu's first point, he argues that the trial court abused its discretion by denying his motion for mistrial after the prosecutor argued outside the record that she had instructed the complainant before trial to refer to him as the "Defendant." We hold that the trial court's admonition to remember the evidence and instruction to disregard the prosecutor's comment cured any prejudice.

### 1. Background

For context, we begin with defense counsel's observation during argument that the complainant had consistently referred to Larrasquitu as the "Defendant" and not as "Steve" or "Steven." From this, defense counsel argued that someone had coached the complainant, who was ten years old at the time of trial, to refer to Larrasquitu as the "Defendant."

During the State's rebuttal, the prosecutor responded that the week before trial while the complainant was sitting in the prosecutor's office, the complainant balked at calling Larrasquitu by his name, so the prosecutor and the complainant agreed to refer to him as the "Defendant." When defense counsel objected that the prosecutor was

testifying, the trial court initially overruled defense counsel's objection and instructed the jury to remember the evidence. But when defense counsel persisted in his objection, the trial court sustained the objection and instructed the jury to disregard the prosecutor's comment. The trial court, however, denied defense counsel's motion for mistrial.

## 2. Discussion

The State concedes that the prosecutor's argument went outside the record, but it argues that the trial court's admonition to remember the evidence and instruction to disregard the prosecutor's comment cured any prejudice. *See Davis*, 894 S.W.2d at 474–75. We agree.

### a. The use of the two terms

By our count, the complainant referred to Larrasquitu four times as the "Defendant" and once as "Steve." The record shows why she switched from one name to the other.

### b. Direct examination

While the complainant was on the stand, the prosecutor initially referred to Larrasquitu as "Steven." After the complainant identified Larrasquitu in court, the prosecutor transitioned to calling Larrasquitu the "Defendant" fairly quickly. The trial court referred to him as the "Defendant," as well. Larrasquitu had been referred to as the "Defendant" twenty times by the prosecutor, and one time by the trial court, by the time the following exchange occurred,

6

[Prosecutor:] Q. You mean, no one else besides you and -- who else was in the room?

[The complainant:] A. Do I say his name?

Q. You can say his name if you want to, or we can call him the Defendant like we've been calling him.

A. The Defendant.

Q. Okay. So you and the Defendant -- was there anybody else in the room?

A. Nobody else. Just me and the Defendant.

Consequently, the reason that the complainant referred to Larrasquitu as the "Defendant" shows itself from the testimony on the record and before the jury.

After this exchange, the prosecutor continued to refer to Larrasquitu as the "Defendant." On one occasion, the complainant referred to him as the "Defendant," as well. Thus, throughout the prosecutor's direct examination, after the complainant identified Larrasquitu in court, the prosecutor consistently referred to Larrasquitu as the "Defendant," as did the complainant.

### c. Cross-examination

During cross-examination, defense counsel referred to Larrasquitu twice as "Steve," and the complainant also referred to him as "Steve." Comparing this to the direct examination, we see that the complainant—by referring to Larrasquitu as "Steve"—followed the lead of the person questioning her.

Thereafter, defense counsel continued to refer to Larrasquitu as "Steve" or "Steven." But on two occasions, even defense counsel referred to him as the "Defendant." One of the two times that defense counsel referred to Larrasquitu as the "Defendant" was when she underscored that the complainant, when questioned by the prosecutor, had referred to Larrasquitu as the "Defendant."

### d. Redirect examination

On redirect, the prosecutor continued to refer to Larrasquitu as the "Defendant." And the complainant mimicked the prosecutor by identifying him as the "Defendant."

### e. Recross-examination

On recross-examination, defense counsel referred to Larrasquitu as the "Defendant" once.

### f. Analysis

The record shows that the prosecutor, the trial court, and even defense counsel referred to Larrasquitu as the "Defendant" and that the complainant did so only after asking the prosecutor how she was supposed to refer to him. Even then, when defense counsel referred to Larrasquitu as "Steve," the complainant followed her example. Thus, the trial court's admonishment to remember the evidence would have reminded the jury of record evidence that explained why the complainant had referred to Larrasquitu as the "Defendant" and that showed that she did not refer to him exclusively as the "Defendant."

8

In light of this record, the prosecutor's argument was not so manifestly improper or extreme as to render the trial court's instruction incapable of effectuating its curative purpose. *See id.* at 474. Accordingly, we hold that the trial court did not abuse its discretion when it denied Larrasquitu's motion for mistrial, and we overrule his first point.

## C. SECOND POINT

In Larrasquitu's second point, he contends that the trial court abused its discretion by overruling his objection, after the prosecutor argued outside the record, that Larrasquitu had obtained a second cell phone after the complainant's charges surfaced.

### 1. Background

During final arguments, the prosecutor summarized the complainant's testimony that Larrasquitu had taken pictures of her with his phone while she had performed the "evil pose" and then argued that after the complainant had made her allegations, Larrasquitu had obtained a new phone. Defense counsel objected that the prosecutor was arguing outside the record and was testifying. The trial court overruled defense counsel's objection.

### 2. Discussion

Larrasquitu testified that when he had left the home in which he had lived with the complainant and her mother, he had taken his "phone"—not his "phones"—and he also testified that when he had appeared for his interview with a detective, he had a

9

different phone. The complainant made her initial allegations on August 17, 2020, and the detective interviewed Larrasquitu about six weeks later on October 8, 2020. Although Larrasquitu argues that the State failed to ask whether he had multiple phones or whether he had purchased a new phone, we conclude that the argument that Larrasquitu had obtained a new phone after the complainant's allegations arose is a reasonable deduction from the evidence. *See Freeman*, 340 S.W.3d at 727. Thus, we hold that the trial court did not abuse its discretion by overruling Larrasquitu's objection. We overrule Larrasquitu's second point.

## III. CONCLUSION

Having overruled Larrasquitu's two points, we affirm the trial court's judgments of conviction.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 19, 2023