Carlos OROSCO, Appellant,

v.

The STATE of Texas.

No. 2–90–302–CR.

Court of Appeals of Texas,
Fort Worth.

March 25, 1992.

Discretionary Review Refused
June 17, 1992.

J.R. Molina, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., with C. Chris Marshall and Charles M. Mallin, Assts., Fort Worth, for appellee.

Before FARRIS, MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

Appellant, Carlos Orosco, appeals from a conviction by the jury of attempted capital murder. *See* TEX. PENAL CODE ANN. § 15.01 (Vernon Supp.1992) and § 19.03 (Vernon 1989 & Supp.1992). Punishment was assessed by the jury at forty-five (45) years imprisonment.

We affirm.

On December 20, 1987, David Lee Stamp, a police officer with the City of Fort Worth, was on his way to assist another officer when he saw a pickup truck drive through a stop sign. When Officer Stamp attempted to stop the truck it increased its speed. Eventually, the pickup truck stopped and two males exited the vehicle and ran on foot; Stamp stopped as well and ran after them. During the chase, Stamp fell. The man he was chasing, later identified by Stamp as Carlos Orosco, stopped, pulled out a gun, and shot at Stamp three times. Orosco was arrested on March 26, 1988, after Stamp identified his picture in a photographic lineup.

In his first point of error, Orosco complains that he was deprived of his right to a speedy trial, and that the court erred in overruling his motion to dismiss for lack of a speedy trial. Orosco was brought to trial two years and seven months after he was arrested.

In determining whether defendant's constitutional right to a speedy trial has been violated the court should assess such factors as the length of and reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 514, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101, 108 (1972). First, when considering the length of the delay, the court should look at the peculiar circumstances of each case. *Id.* at 530–31, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. No precise length of delay automatically constitutes a violation of the right to a speedy trial in every single case. *Oliver v. State*, 731 S.W.2d 149, 159 (Tex.App.—Fort Worth 1987, pet. ref'd). A delay of two years and seven months is not, per se, a deprivation of the appellant's right to a speedy trial, but is a fact requiring further consideration of the appellant's claim. *Id.*

Secondly, we must consider the reasons the State assigns to justify the delay. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. In considering the reason for the delay different weight should be assigned to different reasons. *Id.* A deliberate attempt to hamper the defense weighs heavily in favor of a violation of the sixth amendment to a speedy trial, whereas circumstances such as missing prosecution witnesses will justify the delay, but in most instances the delay will be caused by more neutral reasons such as overcrowded court dockets which are weighed less heavily against the State. *Oliver*, 731 S.W.2d at 159. In the present case, the record does not reflect any reason for the long delay, nor whether it can be attributed to the State or to Orosco. The State filed one motion for continuance; other than this no other motions for continuance were filed by either side.

Thirdly, we must consider the defendant's responsibility to assert his right. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. The defendant's assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. *Id.* at 531–32, 92 S.Ct. at 2192–

93, 33 L.Ed.2d at 117. Failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial. *Id.* at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 118. A review of the record reveals that Orosco did not request a prompt trial until over two years after his indictment in August of 1990. Further, we find it compelling that Orosco took no action to assert his right to a speedy trial, but moved that the indictment be dismissed for lack of a speedy trial. The Court of Criminal Appeals has held that a defendant's motivation in asking for dismissal rather than a prompt trial is clearly relevant, and may sometimes attenuate the strength of his claim. *Phillips v. State,* 650 S.W.2d 396, 401 (Tex.Crim.App.1983).

Finally, the court must consider prejudice to the defendant. *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 118. Although a showing of "actual prejudice" is not required in Texas, it is the defendant's burden to make a showing of prejudice. *Oliver,* 731 S.W.2d at 159–60. The Supreme Court identified three interests of the defendant that the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Id.* at 160. In the present case, Orosco was incarcerated the entire time before his trial. Most likely he suffered the anxiety and concern which go with being incarcerated for over two and one-half years.

Additionally, Orosco argues his defense was impaired because of the loss of two of his witnesses during the thirty-one-month period. One of these potential witnesses, Jesse Joe Macias, Sr., died in August of 1990 (two months before trial), and according to the court-appointed investigator, who interviewed him in May of 1988, would have testified that when he looked out his window that night it was totally dark and he could see nothing. The second witness, Mr. Mathew Trevino, could not be found, and according to the court-appointed investigator would have testified that in mid-March 1988 Trevino talked with a Castillo Hernandez who told him that in recent

months he had shot a policeman that had been chasing him. A review of the record reveals that Orosco presented two other witnesses at trial to testify that it was dark in the neighborhood that night, therefore, any testimony to this effect by Macias would have been merely cumulative. As for Mr. Trevino's double hearsay statement, there is no showing that the statement is in any way connected to this case.

Considering all the factors above we find there was no violation of Orosco's sixth amendment right to a speedy trial. Orosco's first point of error is overruled.

In his second point Orosco complains the State should not have been allowed to voir dire the jurors on whether or not only one witness in a criminal case would hamper their ability to find guilt beyond a reasonable doubt. At trial the State asked the panel "[i]s there anyone who feels that only one witness testifying is just not enough to convince me beyond a reasonable doubt?" Additionally, in an individual voir dire examination, the State asked venirepersons whether if only one witness was called by the State, and that witness testified believably to all the elements of the offense, could the venireperson return a guilty verdict? Defense counsel objected to the State's use of the hypothetical on the basis that such an illustration was an impermissible attempt to bind the venirepersons to a certain set of facts.

■ Great latitude should be allowed in voir dire examination so that counsel for both the defense and the State have a good opportunity to assess the relative desirability of the venire members. *Battie v. State,* 551 S.W.2d 401, 404 (Tex.Crim.App.1977), *cert. denied,* 434 U.S. 1041, 98 S.Ct. 782, 54 L.Ed.2d 790 (1978). The trial court has discretion to determine the propriety of any question asked and a review of the trial court's action is limited to ascertaining whether the court abused its discretion. *Id.*

■ To support his proposition, Orosco cites case law which states that hypotheticals should not be submitted during voir dire to elicit a juror's views of the case to

be tried or based on facts peculiar to the case on trial. *See White v. State*, 629 S.W.2d 701 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 938, 102 S.Ct. 1995, 72 L.Ed.2d 457 (1982); *Klinedinst v. State*, 159 Tex.Crim. 510, 265 S.W.2d 593 (1953), *cert. denied*, 347 U.S. 930, 74 S.Ct. 534, 98 L.Ed. 1082 (1954). However, in the present case, the State was merely inquiring if the juror could find a defendant guilty on the testimony of only one witness. The prosecutor's questions inquired whether the prospective jurors could, rather than would, convict on the testimony of one eyewitness, which is a proper subject of inquiry. *Williams v. State*, 629 S.W.2d 791, 794 (Tex.App.—Dallas 1981, pet. ref'd). The State was not basing its hypothetical on facts peculiar to the case. The trial court did not abuse its discretion in allowing the jurors to be questioned on this subject. Orosco's second point of error is overruled.

■ In his third point Orosco complains that the trial court admitted impermissible hearsay during trial. Specifically, Orosco argues that the purpose of the statements was to get before the jury the results of investigations made by other persons and to convey other criminal activity by Orosco. The complained-about testimony was as follows:

[PROSECUTION:] Okay. When did you first—when were you first assigned to the shooting of David L. Stamp?

[DETECTIVE:] On or about March the 1st, 1988.

[PROSECUTION:] And the shooting occurred December the 20th of 1987?

[DETECTIVE:] I believe that's correct.

[PROSECUTION:] You weren't the initial detective who worked on the case?

[DETECTIVE:] No, I was not.

[PROSECUTION:] Were you working another case at the time?

[DETECTIVE:] Yes, I was.

[PROSECUTION:] Was Carlos Orosco a suspect in that case?

[DETECTIVE:] No, he was not.

[PROSECUTION:] As a result of your work on that case, were you assigned the David L. Stamp shooting?

[DEFENSE COUNSEL]: Your Honor, at this time, I would object to it being hearsay that he questioned—he's trying to put before the jury information as a result of an investigation that he was assigned to a particular case, which is just another way of going around the hearsay prohibition, and I object to that.

THE COURT: Overruled.

[DEFENSE COUNSEL]: Note my exception.

THE COURT: So far. As to what he asked so far.

. . . .

[PROSECUTOR:] Were you assigned the case?

[DETECTIVE:] Yes, I was.

Orosco argues this testimony was attempting to convey to the jury that other criminal activity led to the photographic lineup which included the photograph of him. This court is unable to follow Orosco's argument that the purpose of the detective's testimony was to elicit hearsay indirectly and show he was involved in other criminal activity when the detective clearly stated that Orosco was not a suspect in his previous case. The trial court did not commit error in allowing the introduction of this testimony. Orosco's third point of error is overruled.

■ In his fourth point Orosco asserts that the State committed reversible error when it made improper statements during final argument at the guilt-innocence phase of trial. The complained-about argument went as follows:

And you saw how he suffered and the trauma that he went through, and we brought you that testimony, not to work up your sympathy, but to show his state of mind of the person that was having trouble describing his attacker. We thought that you would need to hear that.

And I hope that you will go back there and tell him, and us, that you did find him credible. That there is no logical explanation or logical reason to chase these rabbit trails or the smoke screen or constructive testimony—

[DEFENSE COUNSEL]: I object to the personal opinions of the prosecutor.

THE COURT: Overruled.

Orosco argues that the statements are personal opinion that defense counsel had constructed testimony. However, the proper objection at trial for this argument would have been that the State was striking at the defendant over the shoulders of his counsel. Additionally, the only cases cited by Orosco for this point of error are cases where the State improperly made statements striking at the defendant over the shoulders of defense counsel. *See Gomez v. State*, 704 S.W.2d 770 (Tex.Crim.App. 1985); *Villalobos v. State*, 568 S.W.2d 134 (Tex.Crim.App. [Panel Op.] 1978). Because the objection made at trial does not comport with the contention on appeal, Orosco has not properly preserved this for review. *Coffey v. State*, 796 S.W.2d 175, 179 (Tex. Crim.App.1990); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App.1986).

Moreover, the argument was not fundamentally improper. "Constructive testimony" in this context may not necessarily mean manufactured, it could mean "built" or "assembled." Orosco's fourth point of error is overruled.

Judgment is affirmed.