Christopher Copeland v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-193-CR

     CHRISTOPHER COPELAND,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law No. 2
 Brazos County, Texas
Trial Court # 3474-94
                                                                                                                

O P I N I O N
                                                                                                                
     
      The appellant, Christopher Copeland, was convicted by a jury of driving while intoxicated,
and the trial court assessed punishment at 180 days’ imprisonment in the Brazos County Jail,
probated for 18 months. See Tex. Pen. Code Ann. § 12.22 (Vernon 1994), § 49.04 (Vernon
1994 & Supp. 1998). By one point of error, Copeland contends he was denied his federal
constitutional right to a speedy trial. See U.S. Const. amend. VI, XIV.
      On July 7, 1994, Copeland was arrested on the misdemeanor charge of driving while
intoxicated in Bryan, Texas. Copeland’s trial commenced thirty-two months later, on March 24,
1997. Copeland first raised his speedy trial claim in his application for writ of habeas corpus,
filed on the first day of trial. The record of the habeas hearing indicates that Copeland failed to
introduce any evidence relating to the denial of his right to a speedy trial and that the State did not
assert any reasons for the delay in setting the case for trial. 
WAS COPELAND DENIED HIS 
CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL?
      The framework for Sixth Amendment speedy trial analysis was set forth by the United States
Supreme Court in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192 (1972). No definite
period of time has been held to be a per se violation of a defendant’s right to a speedy trial; alleged
violations are considered on a case by case basis. Id. at 529-31, 92 S.Ct. at 2191-92; Emery v.
State, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994). Four factors must be considered by the
reviewing court: (1) the length of the delay; (2) the reasons for the delay; (3) whether the
defendant asserted his right to a speedy trial; and (4) any resulting prejudice to the defendant. 
Barker, 407 U.S. at 531, 92 S.Ct. at 2192. On appeal, we must review the trial court’s decision
de novo. Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997).
Length of Delay
      The length of the delay has been described as a “triggering mechanism.” Barker, 407 U.S.
at 531, 92 S.Ct. at 2192; Emery, 881 S.W.2d at 708. There must be enough of a delay to be
presumptively prejudicial to the defendant before it becomes necessary to consider the other three
factors. Id. The clock begins to run for purposes of speedy trial analysis when the defendant is
either arrested or charged. United States v. Marion, 404 U.S. 307, 314, 92 S.Ct. 455, 459
(1971); Emery, 881 S.W.2d at 708. No specific length of time triggers a speedy trial analysis but
the Court of Criminal Appeals has noted that many courts have found that a delay of eight months
or longer is prejudicial. Harris v. State, 827 S.W.2d 949, 956-57 (Tex. Crim. App. 1992).
      Approximately thirty-two months passed between Copeland’s arrest on July 7, 1994 and his
trial on March 24, 1997. The State concedes that this time period is of sufficient length that the
other factors set forth in Barker must be considered. Once it is determined that the length of the
delay triggers a speedy trial analysis, the burden shifts to the State to excuse the delay. Emery,
881 S.W.2d at 708. 
Reason for Delay
      The record reveals many reasons for the repeated delays in Copeland’s trial. Copeland’s
arrest occurred on July 7, 1994. Although arraignment was initially set for February 20, 1995,
the criminal docket sheet indicates that it was reset for March 13, 1995. Defense counsel was
appointed on March 15, 1995. The case was set for trial on July 19, 1995. Both parties
announced ready for trial. On July 19, the docket sheet indicates that another case went to trial. 
The trial was set for February 6, 1996. Both parties announced ready for trial. On February 6,
the docket sheet again indicates that another case went to trial. The trial court set Copeland for
trial on June 3, 1996, but reset the date to June 10. However, the court granted Copeland’s
motion for continuance, requested as a result of his attorney’s claim of a lumbar sprain, and reset
the trial date to July 29, 1996. The court denied Copeland’s second motion for continuance on
July 23. The docket sheet indicates that on July 29 another case went to trial. The court reset
Copeland’s trial date to September 3, but the State filed a motion for continuance alleging that the
State’s witness, Officer Dedeker, had a vacation which would render him unavailable for trial. 
The court granted the State’s motion and reset trial for November 18. The court then granted
Copeland’s third motion for continuance, requested as a result of his attorney’s conflict with an
out-of-state trip and non-refundable airline tickets. Trial was reset for December 2.


 The court’s
next setting was for January 27, 1997, but trial was reset for March 3 due to a civil trial extension. 
Copeland’s jury trial commenced on March 24, 1997.
      In considering the reasons for the delay, different weights should be assigned to different
reasons. See Orosco v. State, 827 S.W.2d 575, 576 (Tex. App.—Fort Worth 1992, pet. ref’d). 
While some delays are attributable to the State as attempts to hamper the defense, other justifiable
delays arise because of missing witnesses or from neutral events, such as overcrowded dockets,
a situation which weighs less heavily against the State. Floyd v. State, 959 S.W.2d 706, 710 (Tex.
App.—Fort Worth 1998, no pet.).
      The record indicates that Copeland filed three motions for continuance, two of which were
granted. The State filed and was granted one motion for continuance. The record further
indicates that Copeland’s trial date was reset eleven times before he finally received a jury trial—
thirty-two months after he was arrested. There is nothing in the record to indicate that the State
intentionally caused any delays other than making one request for a continuance. 
      Balancing Copeland’s continuances against the State’s continuance and delays arising from
neutral events such as a crowded court docket, we conclude that the delay in Copeland’s trial was
attributable to events that neither party could control. See id.
Assertion of Right
      Copeland maintains that his application for writ of habeas corpus filed on the first day of trial
constituted a request for a speedy trial. The relevant language in his application asserted:
The [S]tate could not possibly have been ready for trial until after the charge had been
filed. Texas Code of Criminal Procedure Art[s]. 32.01, 32A.02 and Art. 28.061 provide
the defendant with the right to a fair and speedy trial. Further the defendant is entitled
to a fair and speedy trial under the Constitution of the United States of America.

Assuming this language constituted a request for a speedy trial, Copeland first complained of a
deprivation of his right to a speedy trial in a pretrial hearing on the first day of his trial. Further,
Copeland only claimed that his arrest on July 7, 1994, with an information filed on November 18,
1994, exceeded the statutory period in which the State is required to present an information against
an accused.


 Copeland did not argue at the habeas hearing that the thirty-two months which
transpired between his arrest and trial deprived him of a speedy trial.
      Copeland did not assert his right to a speedy trial until the day of trial and failed to urge it
before the court. Only on appeal does Copeland argue that the thirty-two months amounted to a
deprivation of his right to a speedy trial. Although a defendant’s failure to assert a speedy trial
claim earlier in the process does not waive his right to a speedy trial, the failure to assert that right
in a more timely manner suggests that the defendant did not actually want a speedy trial. Holmes
v. State, 938 S.W.2d 488, 491 (Tex. App.—Texarkana 1996, no pet.). We hold that this factor
weighs against Copeland.
Prejudice Resulting from the Delay
      The final factor, prejudice, must be assessed in the light of the interests which the speedy trial
right was designed to protect: (1) to prevent oppressive pre-trial incarceration; (2) to minimize
anxiety and concern of the accused; and (3) to limit the possibility that the defense will be
impaired. Barker, 407 U.S. at 533, 92 S.Ct. at 2193; Emery, 881 S.W.2d at 709. It is the
defendant’s burden to make a prima facie showing of prejudice. Once the defendant does so, the
State is then obligated to prove that the accused suffered no serious prejudice other than that which
ensues from the ordinary and inevitable delay. See Ex parte McKenzie, 491 S.W.2d 122, 123
(Tex. Crim. App. 1973).
      Copeland raises the contention that his defense was prejudiced by delay for the first time on
appeal. Because Copeland failed to timely present his complaint to the trial court at the habeas
hearing, he has failed to preserve anything for our review. See Tex. R. App. P. 33.1. As a
consequence, we have no choice but to consider this factor as weighing against Copeland.CONCLUSION
      Even though the State concedes that a thirty-two month delay between Copeland’s arrest and
his trial is sufficient to trigger a speedy trial analysis under the Barker factors, balancing the
remaining three factors, we hold that Copeland was not denied his right to a speedy trial.
      The judgment is affirmed.

                                                                         BOBBY L. CUMMINGS
                                                                         Justice
Before Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Affirmed
Opinion delivered and filed May 20, 1998
Do not publish