SABUR V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-057-CR

BAQUEE A. SABUR APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant pro se Baquee A. Sabur appeals from his conviction for theft of property and credit card abuse.  In his sole point, he contends that his United States and Texas constitutional rights and state statutory rights to a speedy trial were violated.  We affirm.

Appellant was arrested in January 2002.  He was indicted for theft of person, theft of property, and credit card abuse on March 21, 2002.  His trial began on November 20, 2002.  

Appellant claims that the Texas Constitution provides greater speedy trial rights than the United States Constitution and that his conviction should be dismissed pursuant to the Texas Speedy Trial Act.  
U.S. Const
. amend. VI; 
Tex. Const. 
art. I, § 10; 
Tex. Code Crim. Proc. Ann
. art. 32A.02 (Vernon 1989).  We will not address his argument under the Texas Speedy Trial Act because the Texas Court of Criminal Appeals has declared the act unconstitutional.  
See Meshell v. State
, 739 S.W.2d 246, 257-58 (Tex. Crim. App. 1987).  Furthermore, although the Texas constitutional speedy trial right exists independently of the federal guarantee, Texas courts traditionally analyze claims of a denial of the state speedy trial right under the factors established in 
Barker v. Wingo
, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972).  As a result, the analysis for determining whether appellant’s rights were violated under the Texas Constitution is the same for determining whether his rights were violated under the United States Constitution.   Thus, we will address appellant’s complaints under the 
Barker
 factors. 

The Sixth Amendment to the United States Constitution guarantees the accused's right to a speedy trial.  
U.S. Const. 
amend. VI.  In addition, article I, section 10 of the Texas Constitution guarantees the accused in all criminal prosecutions the right to a speedy and public trial.  
Tex. Const. 
art. I, § 10.  The Supreme Court has stated that, “On its face, the Speedy Trial Clause is written with such breadth that, taken literally, it would forbid the government to delay the trial of an ‘accused’ for any reason at all.”
  Doggett v. United States
, 505 U.S. 647, 651, 112 S. Ct. 2686, 2690 (1992).  The Court “qualified the literal sweep of the provision” by analyzing the constitutional question in terms of four specific factors: (1) whether delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as the delay's result.  
 Zamorano v. State
, 84 S.W.3d 643, 647-48 (Tex. Crim. App. 2002) (quoting 
Doggett
, 505 U.S. at 651, 112 S. Ct. at 2690).

Under 
Barker v. Wingo
, courts must analyze federal constitutional speedy trial claims by first weighing the strength of each of the above factors and then balancing their relative weights in light of “the conduct of both the prosecution and the defendant.”  
407 U.S. at 530, 92 S. Ct. at 2191-92.  None of the four factors is “either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.”  
Id.
 at 533, 92 S. Ct. at 2193.  Instead, they are related factors, which must be considered together along with any other relevant circumstances.  
Id.
  No one factor possesses “talismanic qualities,” thus courts must “engage in a difficult and sensitive balancing process” in each individual case.  
Id.

In reviewing the trial court's ruling on appellant’s speedy trial claim, we apply a bifurcated standard of review:  an abuse of discretion standard for the factual components, and a de novo standard for the legal components. 
 Zamorano
, 84 S.W.3d at 648.  Because appellant lost in the trial court on his speedy trial claim, we must presume the trial court resolved any disputed fact issues in the State's favor, and we must also defer to the implied findings of fact that the record supports.  
Id.
  Because the relevant facts are undisputed, the primary issue in this case involves the legal significance of these facts to appellant's claim.  
Id.

The Length of the Delay

The first 
Barker
 factor, the length of the delay, is measured from the time the defendant is arrested or formally accused.  
United States v. Marion
, 404 U.S. 307, 313, 92 S. Ct. 455, 459 (1971).  The length of the delay is, to some extent, a triggering mechanism, so that a speedy trial claim will not even be heard until passage of a period of time that is, on its face, unreasonable in the circumstances.  
Doggett
, 505 U.S. at 651-52, 112 S. Ct. at 2690; 
Barker
, 407 U.S. at 530, 92 S. Ct. at 2192.  “If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.”
  Doggett
, 505 U.S. at 652, 112 S. Ct. at 2691.

In general, courts deem delay approaching one year to be “unreasonable enough to trigger the 
Barker
 enquiry.”  
Id.
 at 652 n.1, 112 S. Ct. at 2691 n.1.  Although appellant waited less than a year–ten months–for trial, the United States Supreme Court has explained that courts should be less tolerant of long delays for “ordinary street crime.” 
 Barker
, 407 U.S. at 531, 92 S. Ct. 2192.  Therefore, although a ten-month delay may not in itself be unreasonable, the fact that the close-to-one-year delay occurred in a case involving what might be considered “ordinary street crime” leads us to conduct in an abundance of caution a full analysis under the other 
Barker
 factors.  

The Reason for the Delay
 

The State has the burden of justifying the delay.  
Emery v. State
, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1192 (1995). When a court assesses the reason the State assigns to justify the delay, 
“different weights should be assigned to different reasons.” 
 Barker
, 407 U.S. at 531, 92 S. Ct. at 2192.  Moreover, some reasons are valid and “serve to justify appropriate delay.”  
Id.
  

At the hearing on appellant’s motion, the State requested the trial court to take judicial notice that appellant had four cases pending against him, “with various offense dates, the first being in September of 2001 and the most recent being January of 2002.”  The trial court also took judicial notice of the fact that the State announced ready for trial in March 2002, eight months before trial began.  The State never argued or sought to prove, however, that the other charges caused or contributed to the delay.  
See
 
Dragoo v. State
, 96 S.W.3d 308, 314 n.4 (Tex. Crim. App. 2003) (“The State might have argued, and sought to prove, that eight months of the delay was justified by its prosecution of appellant under the murder indictment.  In the absence of argument and proof, however, we will not presume that the prosecution of appellant for murder caused any of the delay in the prosecution of him for unlawful possession of a firearm.” (citation omitted)); 
see also Easley v. State
, 564 S.W.2d 742, 745 (Tex. Crim. App.) (stating delay caused by trying the defendant on other charges is justified), 
cert. denied
, 439 U.S. 967 (1978).  Nor did the State explain the reason for the eight-month delay from the announcement of ready to the trial.  The state made no arguments to justify the delay in getting to trial.  Thus, in the absence of an assigned reason for the delay, a court may presume neither a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay.  
Dragoo
, 96 S.W.3d at 314. 

The Defendant's Assertion of His Right 
  

Although a defendant’s failure to assert his speedy trial right does not amount to a waiver of that right, “failure to assert the right . . . make[s] it difficult for a defendant to prove that he was denied a speedy trial.”  
Barker
, 407 U.S. at 532, 92 S. Ct. at 2193.   This is so because a defendant’s lack of a timely demand for a speedy trial “indicates strongly that he did not really want a speedy trial,” 
Harris v. State
, 827 S.W.2d 949, 957 (Tex. Crim. App.),
 cert. denied
, 506 U.S. 942 (1992), and that he was not prejudiced by lack of one.  Furthermore, the longer the delay becomes, “the more likely a defendant who wished a speedy trial would be to take some action to obtain it.  Thus inaction weighs more heavily against a violation the longer the delay becomes.” 
 Dragoo
, 96 S.W.3d at 314. 

Appellant filed his pro se motion for speedy trial on April 12, 2002, only three months after his arrest and only a few weeks after he was indicted.
(footnote: 2)  Six months later, appellant filed a petition for writ of habeas corpus in the trial court on speedy trial grounds.
(footnote: 3)  The record does not reflect that appellant ever requested a hearing on either the motion or the petition.  Furthermore, the trial court did not hear argument regarding the speedy trial complaints until a pretrial hearing held on November 20, 2002, the day of trial.  Although it is not clear whether the trial court specifically heard the motion for speedy trial, he heard testimony from appellant regarding why appellant requested dismissal of the charges for the alleged violations of his constitutional rights to a speedy trial. The trial court denied appellant relief.

Although appellant took an initial interest in his claim that his speedy trial rights were violated, he never requested a hearing on the issue until the day of trial.  
See Shaw v. State
, 117 S.W.3d 883, 890 (Tex. Crim. App. 2003).  In addition to never requesting a hearing, appellant contended at the pretrial hearing that the charges against him should be 
dismissed
 because of the delay.
(footnote: 4) 
 See Phillips v. State
, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983) (stating defendant's motivation in asking for dismissal rather than a prompt trial is clearly relevant, and may sometimes attenuate the strength of his claim).  Thus, while appellant timely, if not prematurely raised his rights to a speedy trial, his later inaction and request for dismissal before trial indicate that he may have been more interested in avoiding trial than in having a speedy one.
  See id.; Orosco v. State
, 827 S.W.2d 575, 577 (Tex. App.—Fort Worth, pet. ref’d), 
cert. denied
, 506 U.S. 960 (1992).  We weigh this factor against appellant.

 Prejudice to the Defendant Resulting from the Delay

In assessing the final 
Barker
 factor, we must do so in light of the interests of appellant that the speedy trial right was designed to protect:  (1) to prevent oppressive pretrial incarceration; (2) to minimize the accused’s anxiety and concern; and (3) to limit the possibility that the accused’s defense will be impaired.  
Barker
, 407 U.S. at 532, 92 S. Ct. at 2193.  Of these forms of prejudice, “the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.”  
Id.
 Furthermore, with respect to the third interest, affirmative proof of particularized prejudice is not essential to every speedy trial claim, because “excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.”  
Doggett
, 505 U.S. at 655, 112 S. Ct. at 2693.  On the other hand, this “presumption of prejudice” is “extenuated . . . by the defendant’s acquiescence” in the delay.  
Id.
 at 658, 112 S. Ct. at 2694.

Appellant contends that he was prejudiced because the minimum sentence he could have received was less than the length of time he was in jail; his incarceration was difficult for him and his family and affected his mental health; and it prejudiced his defense in that he could not obtain testimony from a codefendant.  The fact that the potential minimum sentence is less than the length of his incarceration does not presuppose prejudice.  
Cf. State v. Muñoz
, 991 S.W.2d 818, 828 n.9 (Tex. Crim. App. 1999) (“A jury’s sentence is irrelevant to a speedy trial analysis.”).  Appellant could have been assessed the minimum sentence and that fact would have been irrelevant.
(footnote: 5)  
See id. 
 Appellant’s cursory testimony at the pretrial hearing that he and his family suffered hardship as a result of his incarceration does not show that he suffered any greater hardship than what other criminal defendants awaiting trial suffer.  Further, his claims that the incarceration affected his mental health are unsubstantiated.  We will defer to the trial court’s finding that he did not suffer extraordinary anxiety.  
See id. 
 Finally, there is no evidence in the record that appellant was not able to call a codefendant to testify as a result of the delay.  Appellant never raised the issue at trial, nor does he identify the codefendant.  Accordingly, the circumstances of the pretrial incarceration do not demonstrate that appellant was prejudiced by the delay.

Although the ten-month delay for the offenses in this case might be considered unreasonable, the delay is not so long as to be considered a per se deprivation of appellant’s constitutional rights.  
See
 
Orosco
, 827 S.W.2d at 576 (“A delay of two years and seven months is not, per se, a deprivation of the appellant's right to a speedy trial, but is a fact requiring further consideration of the appellant's claim.”).  Furthermore, when balancing the delay in this case with appellant’s failure to request a timely hearing on his motion and the lack of prejudice to him, we conclude that appellant’s rights to a speedy trial were not violated.  Accordingly, the trial court did not abuse his discretion in not granting appellant’s motion, and we overrule appellant’s sole point. 

We affirm the trial court’s judgment.

BOB McCOY

JUSTICE

PANEL F: CAYCE, C.J.; and LIVINGSTON and McCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  January 22, 2004

 

   

  

  

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
A notation of the front of the motion initialed by the presiding judge implies that he was also concerned of the delay in this case: “Send to Pro See Atty.  We need to dispose of this case.”  

3:
Although appellant filed in the trial court on October 14, 2002, a petition for writ of mandamus, a pretrial application for writ of habeas corpus is not a proper vehicle for raising a speedy trial claim.  
Smith v. Gohmert
, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998). 

4:
In his motion for speedy trial, however, appellant requested a speedy trial.  He later requested only dismissal in his petition for writ of mandamus. 

5:
As it is, appellant was sentenced to six months and eighteen months, the sentences to run concurrently.